Edward Motley *versus* Manufacturers' Insurance Co.

If one, having an interest in mortgaged property, procure insurance in his own name, with a stipulation that the loss, if any, shall be paid to the mortgagee, a suit on the policy may be maintained in the name of the mortgagee. The bringing of such a suit ratifies the act of procuring the insurance for his benefit.

Assumpsit on a policy of insurance. It came before the Court upon a statement of facts.

In 1846, one *Ryerson* mortgaged to the plaintiff the tavern stand and lot upon which the property insured stood, to secure three thousand dollars. Soon after this mortgage, *Ryerson* leased the property to *S. Ryerson* and *L. Stowell*, for a term of years, and among the covenants on the part of the lessees, was one to keep the property fully insured.

The policy in suit was procured by the said lessees, and the company was to make good to them the amount insured, but

therein was inserted a stipulation that, in case of loss on the buildings, "the same to be paid to Edward Motley, mortgagee." During the life of the policy, the buildings were destroyed by fire; but after their destruction, the land was a sufficient security for the mortgage debt. The mortgager, soon after making his mortgage died, leaving six heirs, one of which was the said S. Ryerson, and another the wife of said Stowell.

The said lessees had no other right to said property than under their lease, and as heirs of said mortgager.

W. P. Fessenden, for defendants, made the following points:—

1. The action cannot be maintained on the policy in the name of the plaintiff. 1. Because the promise is not made to him, nor expressed to be for the benefit of any but the persons named. 2. Because the land is sufficient to pay him. Carpenter v. Ins. Co. 16 Peters, 495; Phillips on Insurance, title, Parties in Interest.

2. No recovery can be had for more than the shares of the persons insured, and for whose benefit it was made. Phillips on Insurance, chap. Interest, Ownership.

Fox, for plaintiff.

First.— Action is maintainable in name of plaintiff. 1 Chitty's Pleadings, 4, 5; Maryland Insurance Co. v. Graham, 3d Harris & Johnson; 62; 2 Phillips' Ins. 595, 593.

Second.— Plaintiff is entitled to recover full amount insured even if Ryerson & Stowell could not. Reed v. Cole, 3 Burrows, 1512; Oliver v. Greene, 3 Mass. 133; Bartlett v. Walter, 13 Mass. 267; Walker v. Maitland, 5 B. & Ald. 171; Crowley v. Cohen, 3 B. & Adol. 478; Baw. Ins. Co. v. N. York Fire Ins. Co. 17 Wend. 359; 1 Phillips' Ins. 285, 286; Tyler v. Ætna Ins. Co. 12 Wend. 507; Tyler v. Ætna Ins. Co. 16 Wend. 385; Strong v. Manuf. Ins. Co. 10 Pick. 40; 1 Phillips on Ins. 287, 288.

Howard, J.— This is an action of assumpsit on a policy of insurance, not under seal. By the statement of facts, it appears that N. Ryerson mortgaged to the plaintiff, September

Motley v. Manuf. Insurance Co.

24, 1846, a tavern stand, and lot upon which the buildings and property insured, stood, to secure the payment of three thousand dollars ; that there is still due upon the mortgage more than the amount of the loss proved or claimed ; and that the mortgager leased the premises to S. Ryerson and L. Stowell, October 22, 1846, jointly, for five years ; the lessees stipulating to pay a fixed amount annually, and perform certain acts, and extend certain privileges to the lessor, and the different members of his family, as rent ; and, among other things, stipulating "to keep the premises fully insured," and reserving a right to make additions and improvements.

The mortgager and his lessees continued in possession of the premises. The former died Nov. 22, 1846.

The policy, covering the dwellinghouse, furniture, and stable, was executed Nov. 10, 1847, upon the application of the lessees ; they being in possession, and occupying the premises, and paying the premium. S. Ryerson & Stowell had no other interest in the property than as lessees, and as heirs with several others, of N. Ryerson.

The policy describes the property, as occupied by Ryerson & Stowell, as a tavern stand, and contains the following stipulation, " *and in case of loss on the buildings, the same to be paid to Edward Motley, mortgagee.*"

The dwellinghouse and other property, were consumed by fire, August 10, 1848, while the lessees were occupying, as beforementioned, under their lease.

It was admitted that the value of the dwellinghouse was $2500, the amount for which it was insured ; that the stable was damaged to the amount of $50 ; and that the real estate, after the fire, was sufficient security for the debt.

The principal question raised by the parties is, whether the plaintiff can maintain an action upon the policy in his own name. No suggestion was made, that the true interest of the assured, and of all parties, was not stated to the company ; or that any matter was concealed, which might influence the defendants in making the contract.

The mortgager and mortgagee have an insurable interest in

the property ; and every person having, *bona fide*, an interest in property, though without any title to it, may protect such interest by assurance. 1 Phillips on Ins. 2d ed. 105, 6, 7, 131, 2 ; *Locke* v. *North American Ins. Co.* 13 Mass. 67 ; *Higginson* v. *Dall*, 13 Mass. 101 ; *Bartlett & al.* v. *Walter & al.* 13 Mass. 267 ; *Columbian Ins. Co.* v. *Lawrence*, 2 Peters, 25 ; *Tyler* v. *Etna Ins. Co.* 12 Wend. 507 ; *Cromley* v. *Cohen*, 3 B. & Adolph. 478 ; 1 Burr. 495 ; 8 Term Rep. 154 ; 2 East, 544 ; 11 East, 619 ; 14 East, 522.

The lessees in this case, occupying the property under a lease for five years, to transact their business as innholders, and under a special covenant to keep the same fully insured, had an insurable interest in such property. But their interest was subordinate to the plaintiff's rights as mortgagee ; and they appear to have procured the contract of assurance in good faith, for his benefit, as well as for their own security.

It is sound doctrine, applicable to simple contracts generally, and the appropriate, and well established doctrine of contracts of insurance, that if one make a promise to another, for the benefit of a third, the latter can maintain an action upon it in his own name. 1 Chitty's Pleadings, 4, 5 ; 3 Bos. & Pul. 149, note ; 2 Phillips on Ins. 593, 595 ; *Schemerhorn* v. *Vanderheyden*, 1 Johns. 139 ; *Pacific Ins. Co.* v. *Catlett & al.* 4 Wend. 75 ; *Felton* v. *Dickinson*, 10 Mass. 287. Bringing this action is a sufficient ratification, by the plaintiff, of the acts of the lessees, in procuring the insurance for his benefit.

A mortgagee is entitled to recover the full amount of the insurance in case of a loss, if such sum does not exceed the amount due, and secured by the mortgage. *Finney & als.* v. *Fairhaven Ins. Co.* 5 Metc. 192 ; 1 Phillips on Ins. 286, 7, 8 ; *Strong* v. *Manuf. Ins. Co.* 10 Pick. 40 ; *Etna Ins. Co.* v. *Tyler*, 16 Wend. 385 ; *Carpenter* v. *The Prov. Wash. Ins. Co.* 16 Peters, 495.

Upon these principles the plaintiff is entitled to recover, and by agreement of parties, the defendants are to be defaulted.

Judgment is to be rendered for the plaintiff, for the amount insured upon the dwellinghouse, and the damage to the stable,

with interest from the time when the loss was payable, by the terms of the policy.