| 86 | 811 |
| 88 | 1024 |

## Richmond.

### TILLEY v. CONNECTICUT FIRE INS. CO.

APRIL 10th, 1890.

1. FIRE INSURANCE—*Insurable interest—Plaintiff.*—Any person having an interest in property insured, though no party to the policy, may institute and maintain an action in his own name to extent of loss occasioned him by its destruction. Code, section 2415.
2. IDEM—*Declaration—Award.*—In action on policy it is sufficient that declaration refer to policy and allege, in general terms, the performance of all its conditions and the violation of none of its prohibitions; and it is not necessary that it allege that there had been an award, though policy provides that no suit be sustainable until after an award. Code, section 3251.
3. IDEM—*Award waived.*—Where action was brought just before the year ended within which policy required it to be brought, and declaration alleged the loss exceeded the insurance, and no demand for an award by defendant was alleged, *held,* the provision for an award was waived.

Error to judgment of circuit court of Norfolk county rendered March 25th, 1889, in an action upon a fire insurance policy, wherein Edward M. Tilley, the plaintiff in error, was plaintiff, and the Connecticut Fire Insurance company was defendant. The judgment sustained a demurrer to the declaration, and plaintiff brought the case here on error. Opinion states the case.

*Sharpe & Hughes,* for the plaintiff in error.

*Tunstall & Thom,* for the defendant in error.

LACY, J., delivered the opinion of the court.

On the 20th day of March, 1884, the defendant in error issued its policy of insurance, insuring one Sarah F. Laforme against loss or damage by fire to the extent of $3,000 on eight double tenement houses situated in the county of Norfolk. The policy provided that the loss, if any, should be paid to Edward M. Tilley, the plaintiff in error, as his interest might appear. At the time when the said policy was issued the plaintiff in error held a deed of trust on the said property to an amount greater than the said amount of the said policy. The said policy was kept alive by renewals until the 9th day of November, 1887, when the said buildings were totally destroyed by fire. The defendant in error declining to pay the loss, on the 3d day of November, 1888, the said Edward M. Tilley instituted his action on the said policy against the said defendant in error. At the trial the defendant company demurred to the declaration, and the demurrer was sustained by the said court.

The ground of the said demurrer was (1) that the action should have been brought by the said Sarah F. Laforme, and could not be maintained by the plaintiff in his own name. The declaration was in the usual form required, and contained the following: " And the said plaintiff says that before and at the time of making the said policy of insurance, and at all times since and now, the said plaintiff was and is interested in the said insured buildings in the said policy mentioned and described as aforesaid, to a large amount, to-wit: to an amount greater than the amount of the said policy, having loaned the same upon the said buildings, and the land on which the same stand, and secured the said loan on the said land and buildings by deed of trust, and the said amount, with accumulations of unpaid interest, now exceeds both the amount of the said policy, or of the houses destroyed, and of the lot on which the

same was situated; and the said buildings in the policy described, afterwards, to-wit, on the night of the 8th of November, A. D., 1887, or the early morning of the 9th day of the said month, while the said policy was still in force, were burned down and consumed and destroyed by fire, and damage and loss were thereby occasioned to the said plaintiff to the amount of $3,000, in such manner, and under such circumstances, as to come within the stipulations, promise, and undertaking, aforesaid, of the said defendant, in the said policy contained, and to render liable and oblige the said defendant to insure the said plaintiff against loss or damage by fire to the amount of $3,000, and to make good to the said plaintiff any such loss as should happen by fire, not exceeding the last mentioned sum of $3,000 on the buildings aforesaid in the said policy, and thereby intended to be insured," etc. That the plaintiff, under these circumstances, had an insurable interest in the property destroyed, will not be questioned. Any person who has any interest in the property, legal or equitable, or who stands in such a relation thereto that its destruction would entail pecuniary loss upon him, has an insurable interest to the extent of his interest therein, or of the loss to which he is subjected by the casualty. And it has been said that any interest, however slight, may be insured, as when A advances money to B in any venture, and by agreement is to be paid out of the proceeds of the property purchased, he has an insurable interest in such property to the extent of his advances. *Sansom* v. *Ball*, 4 Dall., 459; *Insurance Co.* v. *Baring*, 20 Wall., 159; *Fenn* v. *New Orleans Mut. Insurance Co.*, 53 Ga., 578; Wood, Ins., 483. This interest he holds immediately under the contract, and not mediately from Mrs. Laforme. The contract was made for his benefit. It was for his benefit that Mrs. Laforme was assured. If the declaration is true, and for our purposes it is true, the contract inures not only for his benefit, but for his alone, and for the benefit of no other person whomsoever; he

being the sole beneficiary. It is claimed, nevertheless, that as the contract, although made for his benefit, was not made with him, he could not sue in his own name, but only in the name of the person with whom the contract was made. It is provided by law that " an immediate estate or interest in, or the benefit of a condition respecting, any estate, may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the sole benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain in his own name any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise." Section 2415, Code of Virginia; *Clemmitt* v. *New York Life Insurance Co.*, 76 Va., 361. It is clear, under the statute just quoted, that the plaintiff was authorized and empowered to maintain such an action as is set forth in his declaration in his own name. There can be no serious question of this.

The second ground upon which the demurrer was sustained, was that the declaration contained no allegation that there had been an award, and it is alleged that the policy filed with the declaration expressly provided that no suit should be sustainable until after an award had been obtained. The award provided for in the policy, was to settle any dispute there might be as to the value of the destroyed property. It also contained a provision that unless suit should be brought within a year, the right of recovery should be thereby barred. The year had nearly elapsed. No demand is alleged of an award by the company; and, if the declaration is true, the suggested award was altogether unnecessary and useless, because the declaration alleges that the loss exceeded the entire amount of the insurance, with the value of the land added. It would be an unreasonable construction of the policy, to consider that the award might be asked for just before the expiration of the

year, and thus defeat all recovery. This could not have been·
the intention of the contract between the parties. If there was
any intention on the part of the insurer to insist upon this pro-
vision in a case where it was useless, the said insurer should
have done so promptly. To have so long delayed to do this
was a waiver of that provision. There was no place in the
declaration for this allegation that there had been an award,
nor that there had not been. The provisions, conditions, and
stipulations of this policy are wellnigh interminable, covering
pages of printed matter; and for the relief of those persons
situated as this plaintiff, with a claim for loss against an insur-
ance company which repudiates its obligation for unknown
causes or pretexts, and who may desire to institute his suit on
the said policy, the section 3251 of the Code was enacted. It
is there provided that, "in an action on a policy of insurance,
if the plaintiff file the policy, or a sworn copy thereof, with his
declaration, it shall not be necessary, in respect to the con-
ditions and provisos of such policy, to set forth in the declara-
tion every such condition and proviso, nor to allege observance
thereof or compliance therewith in particulars. But, in respect
to such conditions and provisos, it shall be sufficient to refer to
the policy or copy, and allege in general terms the performance
of all its conditions, and the violation of none of its prohi-
bitions." The declaration avers, and the demurrer admits,
"that the plaintiff and Sarah F. Laforme have performed, ful-
filled, observed, and complied with each and all the conditions,
provisos, and stipulations of the said policy on their part and
behalf to be performed, fulfilled, observed, and complied with,
and have violated none of its prohibitions, according to the
form and effect, true meaning, and intent of the said policy."
This is all that was required. The demurrer admits the truth
of these averments, and the omission of an allegation of per-
formance of any particular condition is immaterial, under the·
statute cited above.

For the foregoing reasons, we think the circuit court of Norfolk county erred in its action in sustaining the said demurrer; and its judgment aforesaid will be reversed and annulled, and the cause remanded for a new trial of the same upon the merits.

JUDGMENT REVERSED.