MARK GRAVES *vs.* AMERICAN LIVE-STOCK INSURANCE COMPANY, impleaded, etc.

May 5, 1891.

**Insurance—Loss Payable to Mortgagee—When Mortgagor may Sue.—**
A mortgagor's right to recover in his own name upon an insurance policy, in which the loss, if any, is made payable to the mortgagee as his interest may appear, depends upon his having paid the debt, or having, in some other proper manner, satisfied and discharged the incumbrance; or, possibly, he might recover by alleging in his complaint, and showing upon the trial, that the mortgagee had consented to and authorized a recovery by him.

**Same—Action by Mortgagor against Company and Mortgagee—Service on Mortgagee—Presumption.**—When an action is brought upon such a policy by the mortgagor against the insurance company, the mortgagee, and another person, to whom it is alleged in the complaint the mortgagee has sold and assigned the debt and the mortgage, it also being alleged in the complaint that the debt has been paid and the incumbrance satisfied, this court cannot presume as against the insurer, who alone answered, so far as is shown by the record, that the mortgagee and his alleged successor in interest were served with the summons, and were in default for want of answer when the case was tried below.

**Same—Failure to Show Payment of Debt.**—When the parties rested their case, defendant having offered no testimony, the court instructed and the jury returned a verdict for plaintiff. *Held*, upon the examination of the testimony as to the alleged sale and payment of the debt and assignment and satisfaction of the mortgage, that the instruction of the court was not justified.

Appeal by defendant from an order of the district court for Nobles county, *Perkins*, J., presiding, refusing a new trial after verdict of $536.94 for plaintiff.

*Edwin A. Jaggard*, for appellant.

*P. E. Brown*, for respondent.

COLLINS, J.[1]  This was an action brought to recover upon an insurance policy issued by the defendant, a corporation organized under the laws of this state, and engaged in the business of insuring live-stock. When the plaintiff rested his case, defendant corporation moved to dismiss on the ground that plaintiff had failed to make out a cause of action, which motion was denied. The defendant offered no testimony, and thereupon the court directed and a verdict was returned against it. The appeal is from an order denying a new trial.

By the terms of the policy, the loss, if any, was made payable to one George C. Huntington, mortgagee, as his interest might appear, and Huntington was named as a defendant in both summons and complaint. It was alleged in the complaint that on April 5, 1888, before the day on which the policy was issued, plaintiff had duly made and delivered to the Huntington mentioned in the policy a mortgage upon the animal insured, to secure the payment of plaintiff's promissory notes in an

---

[1] Mitchell, J., being necessarily absent, took no part in this decision.

amount largely exceeding the amount of the policy, all of which was known to defendant when issuing the same; that thereafter Huntington duly indorsed and delivered the notes and assigned the mortgage to the defendant Ross, and also that thereafter, but prior to the commencement of the action, said notes and mortgage had been fully paid and satisfied. The only answer of which we have any knowledge is that made by the defendant corporation, and upon this alone the action seems to have been tried. On the trial the parties regarded the allegations of the complaint in respect to the payment of the notes and the satisfaction of the mortgage as in issue, the plaintiff testifying upon direct examination that Huntington had no claim upon the horse, and that the mortgage had been paid up and destroyed prior to the bringing of the action; but on cross-examination he admitted that a part of the amount evidenced by his notes, not yet due, remained unpaid. He also stated that his payments were to Ross; that he had not seen the mortgage from the day it was given; and that all he knew in respect to the alleged ownership of the notes and mortgage by Ross, or as to the satisfaction or destruction of the last-mentioned instrument, was what Ross had told him. It very clearly appeared that he had paid the latter an amount nearly equal to the debt, but it did not appear, except as we have stated, that Ross held either notes or mortgage, by assignment or otherwise. From the testimony on this point it did not conclusively appear, as it should have done in order to sustain the ruling of the court refusing to give to the jury the defendant's third request, and again in its instruction to find for the plaintiff, that the original mortgagee had parted with his lien, either by a payment or transfer of the notes or by an assignment or satisfaction of the mortgage. Upon the other hand, it had been made apparent that all of the debt secured by the mortgage had not been paid to any one; that there yet remained an amount nearly or quite equal to that demanded under the policy; and that plaintiff's positive assertions as to Ross' right to receive the money and as to a discharge or satisfaction of the mortgage were wholly based upon what the latter had said to him. The appellant has made several assignments of error, but upon a critical examination of each and of the entire

testimony we see no reason for saying that the court erred, except in respect to this single point. Even if this testimony had been sufficient to have warranted a verdict for plaintiff, (and of this we have doubt,) it was not conclusive, and hence the action of the court cannot be sustained. To justify its rulings the testimony should have been conclusive upon every material allegation of the complaint not admitted in the answer or upon the trial.

It is asserted in the respondent's brief, and the same statement was made on the oral argument, that payment of the full amount due on the notes, and, further, that neither of the defendants Huntington and Ross had or claimed to have a lien upon the horse, or any rights whatever by virtue of the policy, stood admitted by their failure to answer in the action. This position would be unassailable if it appeared from the return to this court, or if it had been conceded upon the argument by appellant's counsel, that the parties named had been served with the summons, or had appeared in the case, and at the time of the trial were in default. But there is absolutely nothing in the record from which it can be gathered that either Huntington or Ross had been advised of the pendency of an action upon the policy in which they were named as defendants. It cannot be presumed, and in the appellant's brief, as well as upon the argument, it was asserted to the contrary.

We have not overlooked the proposition made by respondent's counsel, that a mortgagor may sue upon a policy in his own name, by permission of a mortgagee to whom a loss, if any, is made payable; and the further statement in the brief that such permission, being alleged in the complaint and not denied by the answer, stands admitted. The trouble here is that it was nowhere alleged in the complaint that the mortgagee had permitted the mortgagor to bring an action in his own name, or had consented to it, or even that he had any knowledge of it. The mortgagee and his alleged assignee were made defendants, the claim being that they had no further right or interest in the insured property. Nor have we overlooked the proposition that, as the case was tried about 16 months after the death of the horse, the time within which the mortgagee could bring an action under the provisions of the policy—six months from the

day of the loss—having expired long before the trial, and no claim having been made or action instituted by the mortgagee, the plaintiff's right to recover upon the policy became absolute. To give weight to the suggestion we should have to indulge, the record being silent, in the somewhat violent presumption that a claim had not been made, and that no action had been commenced, by the party to whom the loss, if any, was made payable according to the terms of the policy. Again, the plaintiff's right to recover in an action against the insurance company must be made to depend upon his right to the money as against the mortgagee. It depended upon his having paid the debt, or having in some other proper manner satisfied and discharged the incumbrance. Or possibly he could have recovered had he alleged in his complaint and shown upon the trial that the mortgagee had consented and authorized a recovery by the plaintiff mortgagor. But the right of the latter could not be made to depend solely upon the fact that no claim had been made or action instituted by the mortgagee within the period of time prescribed by the terms of the policy for the presentation of a claim of loss or the bringing of an action.

Order reversed.

NOTE. A motion for a reargument of this case was denied May 21, 1891.