CHARLES H. MAXCY *vs.* NEW HAMPSHIRE FIRE INS. CO.

Argued June 3, 1893. Affirmed July 21, 1893.

**Party Plaintiff in Action on Policy Payable to Mortgagee.**

A fire insurance policy, by the terms of which the loss, if any, is made payable to a mortgagee as his interest may appear, is a contract for the benefit of such mortgagee; and he, or a person to whom he has assigned the claim after a cause of action has accrued, is entitled to recover in his own name the full amount of the insurance, if the same does not exceed the amount due upon the mortgage.

**Pleading—Loss of Mortgagee is Loss of Owner.**

When, in such an action, it is alleged in the complaint that the mortgagee has sustained loss and damage in a certain amount, it is, as against a general demurrer, sufficiently alleged that the insured owner has sustained loss and damage; and under such an allegation the value of the property destroyed may be shown upon the trial.

Appeal by defendant, the New Hampshire Fire Insurance Company, from an order of the District Court of Hennepin County, *William Lochren,* J., made November 19, 1892, overruling its demurrer to the complaint.

Thomas J. Thompson owned a five-story brick building on First Street North in Minneapolis, used for a feed-mill and for storing grain. On February 4, 1889, Thompson mortgaged the property to Charles H. Maxcy and George Cook to secure payment to them of $9,000. On May 13, 1889, they assigned the debt and mortgage to Edward C. Mitchell, trustee for Emma Gregg. On January 13, 1891, the defendant insured Thompson for one year against loss by fire upon the building, not exceeding $750, "loss, if any, payable to Edward C. Mitchell, trustee, as interest may appear. $5,000 total concurrent insurance permitted." On August 12, 1891, the building was totally destroyed by fire, to Mitchell's damage $9,000. On July 30, 1892, Mitchell as trustee, sold and assigned to the plaintiff, Charles H. Maxcy, all his right under the policy. Defendant was duly notified of the fire and served with proofs of loss, but did not pay. Maxcy brought this action to recover the $750, and attached a copy of the policy to his complaint. Defendant demurred for defect of parties plaintiff, claiming that Thompson and Mitchell

should be joined with Maxcy, and because the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendant appeals.

*Kueffner & Fauntleroy* and *Freeman P. Lane,* for appellant.

The contract of insurance is, that the company insures Thomas J. Thompson against all "direct loss or damage by fire." It only agrees to be liable for any loss which Thompson may suffer. It does not agree to pay any loss which Edward C. Mitchell, as trustee, may suffer. It however agrees to pay the money to Mitchell. In other words, the agreement is, that whatever loss Thompson shall suffer, not to exceed $750, will be paid to said Mitchell. Mitchell is simply the payee. The complaint should allege Thompson's loss and damage. This, it nowhere does. It does not allege or state the value of the property destroyed, so that the court could infer a loss or damage to Thompson. The complaint only alleges, "That by reason of said fire and the loss and destruction of said property, said Mitchell, as trustee, was damaged in the sum of $9,000." It is immaterial how much Mitchell was damaged. Neither Mitchell's damage nor his property, is the measure of recovery provided for in said policy. No matter if Mitchell was damaged in $9,000, this fact gave no one a right of recovery, or any cause of action against defendant. Unless Thompson was damaged, defendant was not liable. *Fowler* v. *New York Indemnity Ins. Co.,* 26 N. Y. 422; *Phoenix Ins. Co.* v. *Benton,* 87 Ind. 132.

Edward C. Mitchell, trustee, etc., and the insured, Thomas J. Thompson, should have been made parties plaintiff, or they should have been made defendants, if they refused to become plaintiffs.

*Wilson & Van Derlip,* for respondent.

The allegation of the total destruction of the property is an allegation of loss and damage thereto, and to the owner. *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633; *Keeler* v. *Niagara Fire Ins. Co.,* 16 Wis. 523.

It is a sound doctrine, applicable to simple contracts generally, and the appropriate and well-established doctrine of contracts of insurance, that if one make a promise to another for the benefit of a

third, the latter can maintain an action upon it in his own name. A mortgagee is entitled to recover the full amount of insurance in case of loss, if such insurance does not exceed the amount due upon and secured by the mortgage. *Motley* v. *Manufacturers' Ins. Co.*, 29 Me. 337; *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633; *Sanford* v. *Mechanics' M. F. Ins. Co.*, 12 Cush. 541; *Tilley* v. *Connecticut Fire Ins. Co.*, 86 Va. 811; *Graves* v. *American Live-Stock Ins. Co.*, 46 Minn. 130; *Hammel* v. *Queen Ins. Co.*, 50 Wis. 240; *Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 619; *Travelers' Ins. Co.* v. *California Ins. Co.*, 1 N. Dak. 151; *Roussel* v. *St. Nicholas Ins. Co.*, 41 N. Y. Super. Ct. 279.

When a mortgagee is named in a policy of insurance as payee of any loss accruing under it, it is equivalent to an assignment of the policy to him, with the consent of the company. *Brown* v. *Roger Williams Ins. Co.*, 5 R. I. 394; *Franklin* v. *National Ins. Co.*, 43 Mo. 491; *Keeler* v. *Niagara Fire Ins. Co.*, 16 Wis. 523; *Hammel* v. *Queen Ins. Co.*, 50 Wis. 240; *Newman* v. *Springfield Fire & M. Ins. Co.*, 17 Minn. 123.

COLLINS, J. 1. The complaint herein, although not as perfect as it should have been, was good, as against a general demurrer. The policy, set out in full, insured Thompson, as owner of the building described, against all direct loss or damage by fire, to the amount of $750. This loss or damage, if any, under the policy, was made payable to one Mitchell, trustee for Emma C. Gregg, as mortgagee, as her interest might appear. It appeared from the pleading that when the property was insured, and when the fire occurred, said Mitchell, as trustee for Mrs. Gregg, held a mortgage upon the premises, executed by Thompson, for an amount greatly in excess of the sum payable under the policy; that no part of this mortgage debt had been paid; that the building was totally destroyed by fire; and it was alleged, by reason of the total destruction, said Mitchell, as trustee, was damaged in the full sum of $9,000. According to the allegations in the complaint, due proof of the loss was made, and the plaintiff had succeeded to the rights of the mortgagee by virtue of an assignment of all her interest in and to the policy, and the cause of action said to have accrued upon the

same. The defendant's counsel point out, as ground for the general demurrer, that it is not directly averred in the pleading that the insured building was of any value, or that, through its destruction, the owner, Thompson, has suffered a loss, or sustained any damage. We are of the opinion that as against a general demurrer, where it is alleged that the property insured has been totally destroyed, and that a mortgagee, to whom the loss has been payable, under the policy, has sustained loss and damage in a specified sum, the complaint sufficiently alleges loss and damage to the insured owner. When such facts exist the owner must have been damaged, and must have sustained loss. *Keeler* v. *Niagara Fire Ins. Co.*, 16 Wis. 523. See, also, *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633, (17 Pac. Rep. 925;) *Phoenix Ins. Co.* v. *Perkey*, 92 Ill. 164. This would be the inevitable result in every case, unless we are to assume, contrary to a common-sense view, that the property insured and destroyed had no value, and that loss and damage to the mortgagee by reason of its destruction was not necessarily loss and damage to the owner. The liability of the defendant company cannot exceed the actual cash value of the property when burned, and this value is to be ascertained and estimated from the proofs upon the trial, and under the allegations as to the amount of the loss and damage to the plaintiff, as the assignee of the mortgagee, to whom the loss, if any, was expressly made payable.

2. There was no defect of parties plaintiff. A policy of insurance, by the terms of which a loss thereunder is made payable to a mortgagee, is a contract for the benefit of such mortgagee; and he can enforce the liability in his own name, and without joining the insured. It is a sound doctrine, applicable to simple contracts generally, and to contracts of insurance, that if one make a promise to another for the benefit of, and available to, a third person, the latter can maintain an action upon the promise in his own name. A mortgagee is entitled to recover the full amount of insurance, in case of loss, if such insurance does not exceed the amount due upon and secured by the mortgage. *Motley* v. *Manufacturers' Ins. Co.*, 29 Me. 337; *Hammel* v. *Queen Ins. Co.*, 50 Wis. 240, (6 N. W. Rep. 805;) *Tilley* v. *Connecticut Fire Ins. Co.*, 86 Va. 811, (11 S. E. Rep. 120;) *Roussel* v. *St. Nicholas Ins. Co.*, 41 N. Y. Super. Ct. 279;

*Sanford* v. *Mechanics' M. F. Ins. Co.,* 12 Cush. 541; *Hastings* v. *Westchester Fire Ins. Co.,* 73 N. Y. 141; *Meriden Sav. Bank* v. *Home Mut. Fire Ins. Co.,* 50 Conn. 396. And in the case of *Graves* v. *American Live-Stock Ins. Co.,* 46 Minn. 130, (48 N. W. Rep. 684,) this court assumed such to be the law; holding that a mortgagor's right to maintain an action in his own name upon a policy containing a clause like that in question depended upon his having paid the debt, or having in some other manner satisfied and discharged the mortgage lien, or, possibly, by alleging and proving that he had been authorized to recover by the mortgagee. Of course, Thompson, as the insured owner of the property, and Mrs. Gregg, as the original mortgagee, might be allowed to intervene in the action, upon proper motion, or, at the instance of the defendant company, either or both might be compelled to interplead and take part in the litigation; but this does not demonstrate anything more than that, under some circumstances, one or both might be proper parties to the action; not that either is a necessary party to the controversy.

3. After the cause of action had accrued upon this policy, it became a chose in action, assignable by the party entitled to enforce the liability; and thereupon the assignee was, as the real party in interest, the proper person to bring the action. We need not cite authorities in support of this proposition. The order overruling defendant's demurrer must be, and is, affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 1130.)