## C. J. LOWRY ET AL. *v.* INSURANCE COMPANY OF NORTH AMERICA.

INSURANCE.   *Mortgagee.   Suit on policy.*

Where the owner of property mortgages it, and then in his own name insures it against loss by fire, the policy on its face being made payable to the mortgagee as his interest may appear, and the mortgage debt is larger than the whole insurance and exceeds the value of the property, the mortgagee may, after a loss, sue at law upon the policy in his own name.

FROM the, circuit court of Lauderdale county.

HON. G. B. HUDDLESTON, Judge.

This was an action brought by plaintiffs, mortgagees, upon a policy of fire insurance issued to the mortgagor, with recitals and provisions in the policy as stated in the opinion of the court. The defendant, insurance company, demurred to the declaration. The demurrer was sustained in the court below, and the plaintiffs appealed.

*Fewell & Brahan,* for appellant.

The general rule is that a party in whose favor, or for whose benefit, a contract is made, may maintain a suit on the contract, though he be not a party to it.   See note to *Barker* v. *Butler,* 43 Am. Dec., 739; *Sonstiby* v. *Keeley,* 7 Fed. Rep., 449; 1 Chitty Pleading, 4, 5.   The preponderant weight of authority is, we think, clearly in favor of the proposition that appellants have a right of action, and that the insured is not a necessary party.   May on Insurance, 675, sec. 446, and cases cited in note 3; *Motley* v. *Manufacturers' Ins. Co.,* 29 Me., 337; *Westchester Ins. Co.* v. *Foster,* 9 Ill., 121; *Ripley* v. *Ætna Fire Ins. Co.,* 29 Barb. (N. Y.), 552; *Frink* v. *Hemptdon Ins. Co.,* 1 Abb. (N. Y.) Prin. Cas., N. S., 343; *Ennie* v. *Harmony Fire*

*Ins. Co.*, 3 Bosw. (N. Y. Superior Court), 516; *Newman* v.
*Springfield Fire Ins. Co.*, 17 Minn., 123; *Pitney* v. *Glens
Falls Ins. Co.*, 65 N. Y., 6, and other cases; *Nalty* v.
*Manufacturers' Ins. Co.*, 50 Am. Dec., 591, and cases there
cited. This court has inferentially settled the law in favor of
appellants. *Insurance Co. v. Stein*, 72 Miss., 943. There is
no splitting of the amount of the loss, the allegation being that
appellants are entitled to the whole amount; and this is, of
course, admitted by the demurrer.

*Miller & Baskin*, for appellee.

The gravamen of the demurrer is that appellants cannot
maintain the suit in a common law court in their own names,
for the reason that they had only an equitable title to an unas-
certained amount in the policy of insurance here sued upon;
that they were, therefore, not vested with any legal title which
would enable them to maintain their suit in the common law
court. The appellants, suing as mortgagees, allege that they
are entitled to the whole loss. Who besides them is interested
in this question, if not the mortgagor?

Instead of the averments of the declaration showing that the
mortgagor has no interest, they show that he had a direct in-
terest in one of the material questions to be litigated in this suit.

This case must rest alone upon the general principle that all
persons interested in the subject-matter of the litigation must
be made parties, and the proper forum, as we submit, to have
all these parties present in court where they can each litigate
their respective rights, is in a court of equity.

WHITFIELD, J., delivered the opinion of the court.

The precise question presented by this record is this: When
the owner of real and personal property mortgages it to a lender
of money for a loan, and then insures the said property in his
own name, the contract of insurance providing that the loss
shall be payable to such mortgagee as his interest may appear,

and the amount of the mortgage debt exceeds both the whole amount of such insurance and the whole value of said property, can the mortgagee, in such case, the property being destroyed by fire, maintain an action at law, in his own name alone, on such policy ? That he can is clear on principle, and thoroughly established by the decided weight of authority. See, as putting the matter at rest, the authorities cited in the exhaustive note to *Chipman* v. *Carroll*, 25 Law. Rep. Ann., 305; *Motley* v. *Manufacturers'* *Ins.* *Co.*, 50 Am. Dec., 591; *Maxey* v. *New Hampshire Fire Ins. Co.*, 54 Minn., 272; Wood on Fire Ins., vol. 2, p. 112; May on Ins. (3d ed.), vol. 2, sec. 449, p. 1014; Ostrander's Fire Ins., sec. 282, p. 602; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y., 6; and compare *Ins. Co.* v. *Stein*, 72 Miss., 950.

Cases cited by learned counsel for appellee are not in point, except *Williamson* v. *The Michigan Fire, etc., Ins. Co.*, 86 Wis., 393. This case cites *Hodgman* v. *German Ins. Co.*, same volume, 323, but in that case the mortgage debt "was considerably less than the amount of insurance." It also cites *Chandos* v. *American Fire Ins. Co.*, 84 Wis., 184, the unsoundness of which case is demonstrated in the note to it in 19 Law. Rep. Ann., 321, where "the peculiar mistakes" of the opinion in that case are severely criticised. It also cites 2 Wood on Ins., p. 1122, where that author, on p. 1124, expressly says: "But where the interest of the payee covers the whole loss, he may sue in his own name." It also cites *Martin* v. *Franklin Fire Ins. Co.*, 38 N. J. Law, 140. But, as is shown in note, *supra*, 25 Law. Rep. Ann., 308, that case holds that either mortgagor or mortgagee may sue. *Fire Ins. Co.* v. *Felrath*, 77 Ala., 194, is a case where the insurance was for $1,550, and the mortgage for $1,080, and the opinion goes on the ground that to allow the mortgagee to sue in such cases alone would be to "split one contract into two causes of action," and that the provision, in such case, is a mere appointment of a payee of part of the money.

But this very case is cited in May on Insurance, vol. 2, sec. 449, p. 1014, n. 7, where it is shown that the holding was because the mortgage debt was less than the amount of the insurance. It is also distinguished in the note, *supra*, 25 L. R., Ann., p. 308, though it should be there stated, not that "the mortgage did not cover all the property insured," but that the mortgage debt was less than the amount of the insurance. But, finally, the court, in Felrath's case, itself, says (77 Ala., 199): "In some of these cases" (holding that the mortgagee can sue alone) "the appointee's claim equaled or exceeded the whole sum insured, which, of course, involved no splitting up of the cause of action. This distinguishes such cases from this."

Another case cited by learned counsel for appellee, is *Grosvenor* v. *The Atlantic Fire Ins. Co.*, 17 N. Y., 391, decided in 1858. This case overrules two earlier cases, and three judges dissented, and, besides, it is distinguished in *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y., *supra*, on the ground that in Grosvenor's case the policy did not have the clause, "as the mortgagee's interest may appear." It is in clear conflict with this last case.

Indeed, some courts hold that in a case like the one before us, the mortgagee cannot maintain an action when it does not appear that the mortgage debt is still unpaid. *Westchester Fire Ins. Co.* v. *Coverdale*, 48 Kan., 446. And Mr. May so lays down the law (May on Insurance (3d ed), vol. 2, sec. 449, p. 1014), as does the supreme court of Minnesota, Maxey's case, *supra*, at p. 276. See, also, *Phœnix Ins. Co.* v. *Omaha Loan & Trust Co.*, 25 Law. Rep. Ann., 679. As to this we decide nothing now.

A large part of the argument of counsel for appellee in this brief is a mere adoption of the opinion of Judge Orton in *Hammel* v. *Queen Ins. Co.*, 50 Wis., 240 (cited in Ostrander's Fire Insurance, pp. 597, 598), but, unfortunately for counsel, it is the dissenting opinion.

*The judgment is reversed, the demurrer overruled, and the cause remanded.*