[Capital City Insurance Co. v. Jones.]

# Capital City Insurance Co. v. Jones, Assignee.

*Action on a Policy of Fire Insurance.*

1. *Application of payments under mortgage; agreement; subsequent modification.*—Where a mortgage to a building and loan association provides that monthly payments shall be applied to the payment of stock in the company and not to the reduction of the mortgage debt, they will be so treated; but if subsequent to the execution of the mortgage they are applied by the mortgagee with the assent of the mortgagor to the mortgage debt rather than the stock subscription, such application will be upheld as a modification of the original agreement by mutual assent.

2. *Policy of insurance in favor of mortgagor; loss payable to mortgagee as its interest may appear balance to mortgagor; proper party plaintiff.*—Where a policy of fire insurance is taken out by a mortgagor and is payable in case of loss to the mortgagee as its interests may appear, the balance, if any, to the mortgagor, and the indebtedness is equal to or exceeds the total amount of the loss, the mortgagee is the only party entitled to sue.

3. *Same; same; splitting of cause of action; burden of proof.* In such case where the indebtedness is less than the amount of the loss due under the policy, the mortgagor and mortgagee may each maintain an action to recover his share of the loss since the contract permits a splitting of the cause of action; but the burden is upon the plaintiff in either case to establish the amount of the indebtedness due under the mortgage contract.—(*Fire Ins. Companies v. Felrath*, 77 Ala. 194, overruled.)

4. *When a policy of fire insurance is contract for the payment of money.*—After a loss under a policy of fire insurance has become fixed, it is a contract for the payment of money within the meaning of the statute, (Code, § 280) requiring suit to be brought in the name of the beneficial owner.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. J. C. ANDERSON.

This was an action on a policy of fire insurance instituted by the appellee as assignee of W. E. Liverman. The policy was taken out by plaintiff's predecessor in trust in accordance with the agreement of the assignee to keep the property insured for the benefit of a mortgagee whose mortgage antedated the assingment. The policy was for one thousand dollars ($1,000.00), which was the amount of the loss. There was a controversy in the evidence as to whether the mortgage debt was equal to or exceeded or was less than the amount due under the policy. The other facts sufficiently appear in the opinion.

There were verdict and judgment for plaintiff, and defendant appeals.

THOS. G. & CHAS. P. JONES and EDWIN F. JONES, for appellant.

J. F. JONES, B. M. POWELL and J. M. CHILTON, contra.

MCCLELLAN, C. J.—When this cause was here on a former appeal the questions now presented for review by this record were not presented or decided. *Capital City Ins. Co. v. Jones*, 122 Ala. 421.

On the 3rd day of January, 1894, one Liverman made an assignment of all his property to one J. P. Etheridge for the benefit of certain of his creditors, not including among them the National Building and Loan Association. In the list of property conveyed, was a storehouse and lot owned and occupied by him, upon which was a mortgage to the National Building and Loan Association for $1,000. As to this house and lot, it is expressly provided in the deed of assignment, that only the equity of redemption is conveyed. By the terms of th mortgage given by Liverman to the National Building and Loan Association, which mortgage was recognized as valid, substituting and binding upon him to keep this storehouse insured in some reliable insurance company for at least fifteen hundred dollars, payable in case of loss to the association to the amount

secured by the mortgage. On the 5th of May following, J. P. Etheridge, assignee, procured the issuance of the policy of insurance sued upon. This policy was for $1,000 upon the storehouse in which he acquired by the deed of assignment the equity of redemption—the right to pay off and discharge the mortgage to the National Building and Loan Association. It would seem that for the purpose of carrying out the mortgage contract imposing the obligation to insure the house for the benefit of the mortgagee, there was inserted in the body of the policy this clause: "Any loss occurring under this policy will be due and payable to the National Building and Loan Association of Montgomery, Ala., mortgagees, as their interest may appear, balance, if any, to J. P. Etheridge, assignee of W. E. Liverman, for the use of the creditors of the said W. E. Liverman, named in his deed of assignment now recorded in the office of the judge of probate of Conecuh county, Ala."

On the 6th of November, 1894, the house was destroyed by fire. Its value is shown to have been about $2,000, making the amount due upon the policy, $1,000, its face value.

In November, 1895, Etheridge transferred the policy to the plaintiff who became his successor by appointment of the chancery court to administer the trust estate and who instituted and prosecuted this suit, which resulted, upon the trial, in a judgment in his favor for the full amount of the policy.

There was, at the time the loss became due and payable under the policy, due upon the mortgage, if we accept the plaintiff's construction of the evidence, the sum of $888 and some cents. The contention of the defendant, however, is that the evidence undisputedly, and beyond adverse inference, shows, that there was due upon the mortgage the sum of $1,000—an amount equal to the amount of the policy. This contention is based upon the stipulation in the mortgage providing for the application of the monthly payments made under it. Under these stipulations, these monthly payments did not go in reduction of the principal of the debt secured by the mortgage.—*Southern Building & Loan Asso. v.*

*Anniston Loan and Trust Co.*, 101 Ala. 582; *Gwin v. National Building and Loan Asso.*, 126 Ala. 679; 25 So. Rep. 843.

It doubtless could be affirmed as a matter of law, that the monthly payments should be applied as agreed upon in the mortgage contract, in the absence of all evidence, that they had not been applied to the principal sum and interest thereon secured by the mortgage. But there is no rule of law or of public policy which prohibits their application on the mortgage debt, instead of upon the stock subscribed for in the association by the mortgagor. If they were so applied by the mortgagee and the mortgagor assented to their application, they go to reduce the amount due upon the mortgage debt. Whether they were so applied is a question for the jury under the evidence in this case.

If the amount due upon the mortgage was equal to or exceeded the loss under the policy of insurance, the National Building and Loan Association or its assignee, being the exclusive beneficial owner of the whole money due by defendant, is the only person entitled to recover it. After the loss became fixed, "the policy was nothing other than a contract for the payment of money."—Code, § 280; *Perry v. Merchants Ins. Co.*, 25 Ala. 355; *Fire Ins. Companies v. Felrath*, 77 Ala. 194; *Baltis v. Dobin*, 67 Barb. (N. Y.) 507; *Pitney v. G. F. Ins. Co.*, 65 N. Y. 6; *Donaldson v. Ins. Co.*, 95 Tenn. 280; *Bartlett v. Iowa Ins. Co.*, 77 Ia. 186; *Hanover F. Ins. Co. v. Brown & Son*, 77 Md. 64; *Motley v. Ins. Co.*, 29 Maine 337; *Franklin v. National Ins. Co.*, 43 Mo. 491; *Brown v. Ins. Company*, 5 R. I. 394; *Ins. Co. v. Chase*, 5 Wall. 509; Flanders on Insurance, 588.

Can the plaintiff maintain this action in the event the amount due upon the mortgage debt is less than the amount of the loss, which we have shown was the face of the policy? In the case of *Insurance Companies v. Felrath, supra*, the policies contained the provision "Loss, if any, payable to Joseph Felrath, to the extent of his mortgage interest." The amount due to Felrath at the time of the loss was less than the amount of the policies. The court, after recognizing the right

[Capital City Insurance Co. v. Jones.]

of Felrath to recover had the amount of his mortgage been equal to or exceeded the amount of the policies, said: "They [the policies] appointed the payment of a part of the money to Felrath, in case of loss. They did not appoint the payment of the entire sum, nor were the policies assigned. They did not confer on Felrath a right to sue for a part, and on Clark [the insured] the right to sue for the residue. That would have been to split one contract into two causes of action, which can only be done by agreement of debtor and creditor, having that object in view." It is obvious from this language that Felrath was denied the right to maintain the suit because the court was of the opinion that the debtor, the insurance companies, had not agreed to split the debt or cause of action, so as to entitle Felrath to maintain a suit for his portion of the loss and Clark for his part. Had Clark brought the suit, the same process of reasoning would have defeated any recovery by him. For he could have no more been allowed to split the cause of action than Felrath. The logical result of the holding in that case is, that Felrath and Clark should have brought a joint action. We are of the opinion that the decision is wrong on this point, and it is overruled. That the agreement on the part of the insurance companies, the debtor, to pay to Felrath so much of the loss as was equal to the amount of his mortgage debt and the balance to Clark was a separate, independent and distinct promise to each—a splitting of the debt or cause of action by the debtor upon which each could maintain separate suits for the amount due him. So in this case, we hold that the plaintiff can maintain this suit for the balance, if any, of the loss, after deducting the amount due upon the mortgage at the time of the loss. This is the promise of the defendant and there is no good reason why it should not be enforced as made.—*Palmer Savings Bank v. Ins. Co.,* 166 Mass. 189. This, of course, imposes the burden upon the plaintiff of showing there was a balance, after paying the mortgage, and the amount of such balance.

[Nixon *et al.* v. Wills Mining and Manufacturing Company.]

The rulings of the circuit court were not in conformity to these views, and the judgment must be reversed and the cause remanded.

Tyson, J., not sitting.