## NORTHERN ASSURANCE CO, LTD, v NATIONAL GUARANTEE & FINANCE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2595.   Decided April 11, 1936

Henry Gumble, Columbus, and Arthur L. Rowe, Columbus, for plaintiff in error.

Owen P. Stacy, Columbus, for defendant in error.

**OPINION**

By HORNBECK, J.

Many disputed questions of fact arose upon the presentation of the case but the trial judge was within his province in resolving them in favor of the plaintiff. There was dispute whether or not any contract of insurance was entered into between the owners of the trailer, Bernick and Johnson, the mortgagee, the plaintiff, on the one hand and the defendant insurance company on the other. Upon the statements of Bernick, King and Edna Croft the tryer of the fact could well have said that the evidence preponderated in favor of the claim that such a contract was made; likewise, on the controversial question whether or not there was a contract whereby the mortgagee was to have the benefit of a loss payable clause as its interest might appear. If the testimony of Edna Croft is true, and the trial court had a right to believe her, it is to the effect that some one from the Northern Assurance Company, and in view of all the testimony it must have been Mr. Pugh, said that the insurance was effective from that time, (the date of the meeting of Bernick, Johnson, King and Pugh), based upon 80% of the cash sale price of the trailer, and that the plaintiff would be protected by a loss payable clause. The salient points of this testimony are denied in toto by Mr. Pugh. Mr. King, however, who was called by the defendant, corroborated the testimony of plaintiff's witnesses in particulars. In the first place he says that he was not the agent of Bernick and Johnson in the transaction and further that Bernick paid the $10.00 bill to Mr. Pugh, the agent of defendant, by which the insurance contract was to be made binding; that he heard Mr. Pugh make a telephone call to the plaintiff. A receipt did pass from Pugh on behalf of the insurance company to Mr. King and by Mr. King to Mr. Bernick. The giving of the receipt is admitted by Mr. Pugh and it again came into the possession of the company from Mr. King, but it is not offered in evidence. It is not unusual for such a receipt to be in the nature of a binding slip or an interim receipt and has been held to constitute a temporary contract of insurance under which the company is liable during the time for which the reecipt is issued. 14 R.C.L., 883.

Upon the issue of the proof of loss it fairly appears that Mr. Bernick did authorize the plaintiff to act for and on behalf of the partnership, Bernick and Johnson, to make proof of the loss of the trailer by fire to the defendant. There is no proof that the plaintiff in terms expressly tendered proof of loss or offered to make it for the insured, the partnership, Bernick and Johnson. However, Mr. Albers of the plaintiff company did make request for payment of its coverage, and thereupon Mr. Pugh on behalf of the defendant company expressly disclaimed any liability on the policy to any one because of the fact that either it was cancelled or that no policy had been issued. Technically, there might arise a situation wherein, if the company denied the issuance of any policy, such denial would not obviate the necessity of proof of loss by the assured if it developed that there was a policy. However, we think this is purely technical and that upon a practical consideration of the facts as the trial court had a right to determine them, a tender of proof of loss by the insured or by the mortgagee or by both would have been a futile and unnecessary thing in view of the positive position of the defendant that it was not liable in any sum to any one on any insurance contract.

It is well recognized that a denial of liability is a waiver of the obligation of the insured to make proof of loss and it has been held that:

"With reference to defects in proofs of loss the general rule is that a denial of liability on grounds other than the insufficiency of the proofs waives any objections which might otherwise be made to the proofs." Eureka F. & M. Ins. Co. v Baldwin Co., 2 Oh St, 365; Bartley v Natl. Business Men's Assn., 109 Oh St, 585; Insurance Co. v Davidson, 56 Oh St, 795; Dun & Co. v

Germania F. Ins. Co., 8 N.P. 612; 52 Oh St, 639; Insurance Co. v Danison, 53 Oh St, 795; Bartley v National Business Men's Assn., 109 Oh St, 585.

In Germania Fire Ins. Co. v Bally (Ariz.) 173 Pac. 1052, which involved insurance on real estate the court held that:
"Failure of the insured to make proof of loss within the required time will not bar an action under a mortgage clause attached to the policy."

The testimony of Mr. Albers respecting his conversation with Mr. Pugh after the fire loss tends to support the claim that there was a temporary coverage on the trailer. His version of what Mr. Pugh said is to the effect that there had been a temporary coverage, which was cancelled. The fact that Mr. Pugh took the ten dollar deposit could be resolved in favor of the claim of either of the parties, but it is entirely consistent with the theory that it was a down payment binding the temporary coverage, the remainder of the premuim to be paid within thirty days. This, too, is in accord with the conduct of Mr. Pugh in turning the $10.00 back to Mr. King, who in turn paid it to Mrs. Johnson.

In view of the fact that the record does not support the finding that King was the agent or broker for Bernick and Johnson the payment of the deposit to him with notice of cancellation would not be equivalent of notice to the insured.

The selling price of the trailer was $1,-634.38. The insurance was 80% thereof, which is a little more than $1307.00. The amount due the plaintiff on the trailer from Bernick and Johnson was $1216.20 and this represented the extent to which the plaintiff would be entitled to protection under its loss payable clause, if the sum due the insured under the contract was in excess of this amount.

It fairly appears that the trailer was completely consumed by fire and was therefore a total loss. The insured, the partnership, has instituted no action though one of its members testified in this cause. The total amount which in any event could have been due the insured if the total amount of the loss had been paid would not exceed $90.00. Inasmuch as the insured was in court, had knowledge of the fact that this action was pending, was not made a party defendant and interposed no objection to the claim of the plaintiff but on the other hand supported its claim, it may be assumed that the partnership consented to the suit and recognized the claim of the

plaintiff to be in accord with the judgment in its behalf.

A mortgagee of real or personal property has an insurable interest in the amount of a debt secured by a mortgage on the property. McDonald v Black, 20 Ohio, 185; Norwich Fire Ins. Co. v Boomer, 52 Ill., 442; Motley v Manufacturers' Ins. Co., 29 Me., 337; Hanover Fire Ins. Co. v Bohn (Neb.) 67 NW, 774, 58 A.S.R. 719. In this last cited case the insurable interest of the mortgagee was protected only by a "loss payable clause" in a policy issued to the owner.

The substantial question in this case is whether or not the plaintiff has the right in its own name to maintain this action. It fairly appears that its loss by reason of the burning of the insured property represents practically the total amount due under the policy. It had an insurable interest which was recognized by the defendant company. It would thus seem that the contract was for the benefit of the plaintiff that it was a real party in interest and under our Code should have the right to protect and act upon that interest in our courts. In our judgment the weight of authority supports its right to maintain the suit.

It is said in 14 R.C.L., 1427:

"There is some conflict in the authorities with reference to who is the proper party plaintiff in an action on a policy containing a loss payable clause in favor of a mortgagee, due to a great extent to the difference between common law and code practice. Under the common law practice where a policy is procured by a mortgagor he is the only person who can sue on it, though it would seem that the mortgagee may sue in the mortgagor's name for his benefit. Under modern practice acts, however, requiring all actions to be brought in the name of the real party in interest, it is the general rule that where the mortgage equals or exceeds the loss under a policy containing a loss payable clause the mortgagee is the proper person to bring suit * * *. This is especially true where the mortgagor consents to the maintenance of the action by the mortgagee, or where the policy contains a union mortgage clause. If, however, the mortgagee consents, an action may be maintained by the mortgagor, and some courts allow a suit by the mortgagor in any event, the insurer being protected against the mortgagee's rights. Also a mortgagor and mortgagee may maintain a joint action on a policy containing a loss payable clause, and if the mortgagee refuses to join in an action on the policy,

he is a proper party defendant under a statute providing that where the parties have a united interest, they must be joined as plaintiffs, and if any refuses to join, he must be made a party defendant."

Authorities support the proposition that the mortgagee is a proper party plaintiff in **Manhattan Life Ins. Co. v Smith, 44 Oh St, 156;** Fire Ins. Cos. v Felrath, 77 Ala., 194; Capital City Ins. Co. v Jones, 128 Ala., 361, 30 So. 674; Burlington Ins. Co. v Lowrey, 61 Ark., 198, 32 SW 383, 54 A.S.R., 196; Christenson v Fidelity Ins. Co., 117 Ia. 77, 90 NW 495; Motley v Manufacturers' Ins. Co., 29 Me. 337; Hanover Fire Ins. Co. v Brown, 77 Md. 64, 25 Atl. 989, 27 Atl. 314, 39 A.S.R. 386; Maxey v New Hampshire Fire Ins. Co., 54 Minn. 272, 55 NW 1130; Lowry v Ins. Co. of N. A., 75 Miss. 43, 21 So. 664; Travelers' Ins. Co. v California Ins. Co., 1 N. D. 151, 45 NW 703.

In Capital City Ins. Co. v Jones, supra, it was held that:

"Where a policy of fire insurance is taken out by a mortgagor, and is payable in case of loss to the mortgagee as its interest may appear, the balance, if any, to the mortgagor, and the indebtedness is equal to or exceeds the total amount of the loss, the mortgagee is the only party entitled to sue."

And also:
"In such case, where the indebtedness is less than the amount of the loss due under the policy, the mortgagor and mortgagee may each maintain an action to recover his share of the loss, since the contract permits a splitting of the cause of action; * * *."

In Christenson v Fidelity Ins. Co., supra, the policy had a loss payable clause to mortgagee as his interest may appear and a further stipulation that:
"'If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee, * * * the conditions hereinbefore contained shall apply in the manner expressed in such provisions relating to such interest as shall be written on or attached hereto', but no conditions applicable to the interest of the mortgagee were attached. Held, that this last condition, in connection with the 'loss payable' clause, stipulated for indemnity in favor of the mortgagee, and enabled him to recover on the policy."

The court in the opinion said, at page 496:

"* * * it will suffice to say that this court is committed to the doctrine that the mortgagee has such an interest in the policy that, in event of loss, he may maintain an action thereon as the real party in interest. * * * The loss payable clause clearly confers 'an interest under this policy.' * * * If they contracted that the mortgagee, in event of a loss, should have the proceeds derived from the policy,—as they did,— then the right thereto is certainly an interest under, if not technically in, the policy."

This opinion is germane in the instant cause. Here, according to the undisputed testimony on the question of the loss payable clause it was made a part of the contract after the agent of the insurance company had been specifically informed of the mortgage claim of the plaintiff and under conditions wherein it was understood between the parties that it was one of the prime purposes of the contract that the mortgagee be protected.

If the policy had been written the insurance company would have had the authority to write or endorse a loss payable clause which would clearly recognize its obligation to pay the mortgagee the amount of its claim against the mortgagor within the limits of the policy and it may be inferred that it was the agreement between the plaintiff and the agent of the company that such a loss payable clause was a part of the contract.

We are not favored with the form of loss payable clause which is customarily and uniformly endorsed upon the insurance policies which the defendant company issues but we have knowledge that such loss payable clause provides for an "adjustment with the insured and is payable to the insured and the mortgagee as their respective interests may appear." Even under this standard form we do not believe that the rights of the mortgagee would be any less than under the agreement which the trial court properly found was made between the parties.

In Maxey v New Hampshire Fire Ins Co. of Manchester, supra, the syllabus provides:

"A fire insurance policy, by the terms of which the loss, if any, is made payable to a mortgagee as his interest may appear, is a contract for the benefit of such mortgagee; and he, or a person to whom he has assigned the claim after a cause of action has accrued, is entitled to recover in his own name the full amount of the insurance,

if the same does not exceed the amount due upon the mortgage."

The court, discussing the status of the parties, said:

"A policy of insurance, by the terms of which a loss thereunder is made payable to a mortgagee, is a contract for the benefit of such mortgagee; and he can enforce the liability in his own name, and without joining the insured. It is a sound doctrine, applicable to simple contracts generally, and to contracts of insurance, that if one make a promise to another for the benefit of, and available to, a third person, the latter can maintain an action upon the promise in his own name." (Citing a number of cases). Of course, the insured owner * * * and the original mortgagee might be allowed to intervene in the action, upon proper motion, or, at the instance of the defendant company, either or both might be compelled to interplead and take part in the litigation; but this does not demonstrate anything more than that, under some circumstances, one or both might be proper parties to the action; that either is a necessary party to the controversy."

So in this case the owner, no doubt, was a proper party and could have been made a party plaintiff if agreeable, or otherwise a party defendant and he could have been so joined upon motion of the plaintiff or of the defendant. The defendant stands to lose nothing whatever by reason of the fact that the insured is not a party. As a matter of fact, it is probable that it will gain because it is paying almost $100.00 less on the contract than it was obligated to do.

The trial court appreciated the gist of this case and in our judgment properly determined it.

The controlling question here should be whether or not this insurance company, through its duly authorized agent, contracted to compensate the insured in the event of damage or loss of the trailer by fire and also agreed to recognize and pay to the mortgagee under the loss payable clause a sum of money representative of its interest in the property insured, all within the limits of the amount of insurance.

Mr. Pugh, testifying for the defense, gave a very reasonable statement supporting the claim that at no time was it understood or could it have been understood that he was binding his company to any obligation of insurance, but that he was merely sending in the application and passing his judgment that in probability he could secure the insurance. The refusal of his company

to accept the risk, as evidenced by the telegram and letter in the record, is not conclusive that it refused to accept the risk as against fire or theft, but that the refusal was confined to collision insurance only.

The trial court, within its province, was privileged to weigh the testimony of Mr. Pugh and other witnesses for the defense, in the light of all of the facts, and he chose to accept the evidence on behalf of the plaintiff as the more probable. To disturb this concluison, finding and judgment would clearly be an invasion of the prerogative of the trial judge. Nor do we find any legal bar to the judgment. We find none of the assignments of error established.

The judgment will be affirmed.

BODEY, J, concurs.
BARNES, PJ, not concurring.