**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ROYAL EXCHANGE ASSURANCE,**
**Defendant.**

**No. DC6423.**

United States District Court
N. D. Mississippi,
Delta Division.

July 23, 1964.

H. M. Ray, U. S. Atty., Oxford, Miss., for plaintiff.

W. F. Goodman, Jr., Watkins & Eager, Jackson, Miss., for defendant.

CLAYTON, District Judge.

Defendant has moved to dismiss or abate this action for failure to join indispensable parties. This motion is before the court on memorandum briefs of the parties.

Defendant issued a hazard insurance policy insuring against losses by windstorm and by fire certain buildings situated on property nominally owned by Rufus Golden and Mae Edna Golden but obligated to plaintiff by two deeds of trust to secure payment of two notes signed by Rufus Golden and Mae Edna Golden in favor of plaintiff totaling more than $15,000. The judgment sought is in the amount of $8,201.75 for damage to the insured property alleged to have resulted from (1) windstorm and (2) fire.

Defendant contends that Rufus Golden and Mae Edna Golden are indispensable parties and thus that the action should be dismissed or abated. Settled law, however, in Mississippi is contrary to this contention. The pertinent part of the mortgagee clause in favor of plaintiff in said insurance policy reads:

"Loss or damage, if any, under this policy (on buildings) shall be payable to the mortgagee (or trustee) named in this policy, as interest may appear * * * *"

In Lowry v. Insurance Company of North America, 75 Miss. 43, 21 So. 664, 37 L.R.A. 779 (1897), the Supreme Court of Mississippi said:

"The precise question presented by this record is this: Where the owner of real and personal property mortgages it to a lender of money for a loan, and then insures the said property in his own name, the contract of insurance providing that the loss shall be payable to such mortgagee as his interest may appear, and the amount of the mortgage debt exceeds both the whole amount of such insurance and the whole value of said property, can the mortgagee in such case, the property being destroyed by fire, maintain an action at law, in his own name alone, on such policy? That he can is clear on principle, and thoroughly established by the decided weight of authority." (Citing authority).

In Bacot v. Phoenix Insurance Company of Brooklyn, 96 Miss. 223, 50 So. 729, 25 L.R.A.,N.S., 1226 (1909), it was held that the mortgagee clause in an insurance policy created an independent contract between the mortgagee and the insurer and the court further said:

"Under this independent contract, he is not a mere appointee of the mortgagor to receive the proceeds of the policy, in case of loss, by virtue of and under the contract of the mortgagor, but the mortgagee gets an independent right, an independent contract with the insurance company, whereby the insurance company insure his individual interest in the property."

As it appears from the pleadings, this court accepts the proposition that the interest of the plaintiff exceeds the amount of the losses as well as the face amount of the policy. Hence, as it seems, plaintiff may maintain this suit on its contract with the insurance company for its individual interest independently of the owners of the property.

The foregoing rule in Mississippi is in accord with the case law of other jurisdictions. See 46 C.J.S. Insurance §

1267; Barron and Holtzoff, Federal Practice and Procedure, § 513.6 and Capitol City Insurance Co. v. Jones, 128 Ala. 361, 39 So. 674 (1900).

Defendant's reliance upon the case of Stuyvesant Insurance Company v. A. C. Smith Motor Sales Co., 135 Miss. 585, 99 So. 575 is misplaced. In that case the mortgagee bank waived all of its rights under the policy and agreed that the case of the plaintiff-owners might proceed to judgment in the name of the mortgagor. The effect of the mortgagee's action in that case was to assign its rights to the mortgagor.

As it would seem here, plaintiff is entitled to payment for the total amount of the losses sustained. Thus, the mortgagors have no right to any of the proceeds of the policy of insurance and, therefore, they cannot be indispensable parties to this action.

Order will be entered denying defendant's said motion.