# THE PHŒNIX INSURANCE COMPANY

### *v.*

# JOHN D. PERKEY.

1. PLEADING—*declaration upon policy of insurance.* In a suit upon a policy of insurance, the policy was set out in the declaration *in hæc verba*, in which it was stated the plaintiff was insured against loss or damage by fire to the amount of $1800, "as follows: $600 on his one story frame shingle roof building occupied by the assured as a saddlery and harness store, $1100 on his stock of saddles and harness, and $100 on his harness maker's tools, all contained therein." The declaration then contained this averment: "The plaintiff avers that after the time of the making of the policy, and from thence until the happening of the loss and damage hereinafter mentioned, he had an interest in the said property to the amount of the said sum so by the defendant insured thereon as aforesaid,—and the plaintiff further avers that on the 19th day of April, 1876, the said property was consumed and totally destroyed by fire." It was held this was a sufficient averment of the separate value of each class of property which was destroyed, when taken in connection with the policy which was set out.

2. The declaration averred that the policy was issued on the 6th of December, 1875, for one year, and that the loss occurred on the 19th day of April, 1876. This was held to be a sufficient averment that the loss occurred during the time the policy was in force.

3. It was objected to the declaration that the notice and proofs of loss, as averred, did not disclose whether there was any other insurance on the property; but the declaration did aver, in express terms, that there was no other insurance on the property, and this obviated the necessity of a statement in the proof of loss of what other insurance had been made on the property.

4. In a declaration upon a policy which requires the certificate of loss shall be made by a notary public, etc., who is not interested in the loss, it is not necessary to aver that the notary who took the proofs of loss was not interested. If he was interested that is a matter to be established by the company in defence.

5. ASSESSMENT OF DAMAGES *upon default—in action upon policy of insurance.* A policy of insurance for the sum of $1800, was upon three distinct classes of property: a building used as a saddlery and harness store, the stock of saddles and harness, and the tools appertaining thereto, all contained in the building, and each insured for a separate amount, making the aggregate mentioned. In a suit upon the policy there was a default, and on the assessment of damages it was proven that the property described in the declaration was burned on a certain day, and that it was worth $2900, and all destroyed. This was held

to be sufficient proof of the amount of loss without proving the value of each of the three classes of property mentioned in the policy.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action of assumpsit on a policy of insurance. The parts of the declaration to which objection was made are sufficiently set forth in the opinion of the court. A default was entered for want of plea, and an assessment of damages had.

The policy was for the sum of $1800, as follows: $600 on a frame building occupied as a saddlery and harness store, $1100 on stock of saddles and harness, and $100 on harness makers' tools. Upon the assessment of damages the only evidence given was the policy of insurance, and the testimony of the plaintiff himself, who testified that the property described in the declaration was burned on the 10th day of April, 1876; that it was worth $2900 and all destroyed, and proof was delivered to the agent at Clay City on the 7th day of June, 1876. Judgment was entered for the plaintiff, and the company appealed.

Mr. RUFUS COPE, for the appellant, made objection to the sufficiency of the declaration: that it failed to aver the separate value of each class of property destroyed; it is not averred that the loss occurred during the time the policy was in force; the notice and proof of loss given, as averred in the declaration, did not disclose whether there was any other insurance on the property or not; nor did it appear from the declaration that the notary public who made the certificate of loss was not interested.

Before the assured can maintain an action on his policy it is essential that he give notice. He must furnish the proofs required by the terms of the policy, as a condition precedent. *Peoria Ins. Co.* v. *Walser*, 22 Ind. 73; *Allegre* v. *Ins. Co.* 6 Har. & J. (Md.) 408; *Blakely* v. *Phœnix Ins. Co.* 20 Wis. 205;

*Shawnut & Co.* v. *People's Ins. Co.* 12 Gray (Mass.) 535; *Protection Ins. Co.* v. *Pherson,* 5 Ind. 417; *Ledbetter* v. *Ætna Ins. Co.* 13 Me. 265; *Mitchel* v. *Home Ins. Co.* 32 Iowa, 421; *Beaty* v *Lycoming Ins. Co.* 66 Pa. St. 9.

And notice must be averred. Philips on Insurance, vol. 2, 671; *Inman* v. *Western Ins. Co.* 12 Wend. (N. Y.) 452; *Great Western Ins. Co.* v. *Staaden,* 26 Ill. 365.

It appears, by an averment in the declaration, that the appellee had an "interest in said property to the amount of the said sum so by the defendant insured thereon as aforesaid." It should have been averred that he had an interest in the real estate to the amount of $600, in the stock to the amount of $1100, etc.; for it does not follow, because he had an interest in the property to the amount of $1800, that he had an interest in each of the several kinds of property to the amount of the insurance placed thereon. Plaintiff must prove an insurable interest. *Ill. Mutual Fire Ins. Co.* v. *Marseilles Manf. Co.* 1 Gilm. 236.

Counsel also objected, that the proof given on the assessment of damages was not sufficient to authorize the judgment; that while there was proof of a total loss by fire, there was no proof as to whether the loss was on the building, on the stock, or on the tools, or the amount of the loss on each.

Messrs. CHESLEY & HAGLE, for the appellee:

The declaration sets out the policy in full, and then avers a compliance with every condition of the policy which could be considered a condition precedent to appellee's right to recover. This brings the case within the general rule laid down in the authorities cited by appellant, and also in the cases of *Ætna Ins. Co.* v. *Tyler,* 16 Wend. 385; *O'Niel* v. *Buffalo Fire Ins. Co.* 3 Comst. 122; *Winnesheik Ins. Co.* v. *Schueller,* 60 Ill. 465; *Rockford Ins. Co.* v. *Nelson,* 65 id. 415.

The averment in respect to the value of the property destroyed, is sufficient. *Peoria Marine and Fire Ins. Co.* v. *Lewis,* 18 Ill. 553.

It is not necessary that the notice and proofs of loss, as set out in the declaration, should disclose whether there was other insurance, when the declaration avers expressly, as in this case, that there was no other insurance.   Moreover, if there was other insurance, that fact was simply matter of defence.   *New England Fire and Marine Ins. Co.* v. *Shettler*, 38 Ill. 166.

Whether the notary was disinterested was purely a matter of defence, and need not be averred in the declaration.   *Peoria Marine and Fire Ins. Co.* v. *Whitehall*, 25 Ill. 471 ; *Herron* v. *Peoria Marine and Fire Ins. Co.* 28 id. 235.

The proof of loss was sufficient without showing the value of each item covered by the policy.   *Peoria Marine and Fire Ins. Co.* v. *Lewis*, 18. Ill. 553.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by John D. Perkey against the Phœnix Insurance Company, on a policy of insurance issued on the 6th day of December, 1875, under which the plaintiff was insured in the sum of $1800 against loss by fire,—$600 on a one story frame building occupied by the assured as a saddlery, $1100 on stock of saddles and harness, and $100 on harness makers' tools.

The insurance company interposed no plea to the declaration.   A default was taken, the evidence heard, and the damages assessed at $1822.50, the amount of the policy, and interest from the time of the loss.

Under our practice the default admitted every material allegation of the declaration, and left nothing but the assessment of the damages to be determined,—as held in *Cook* v. *Shelton*, 20 Ill. 107, and subsequent cases.   The only question that can arise upon this appeal, therefore, is whether the declaration is sufficient to support the judgment, and whether there was error in the assessment of the damages.

It is contended by appellant that the declaration is fatally defective for the reason that it fails to aver the separate value of each class of property which was destroyed.   The policy

was set out *in hæc verba* in the declaration, and it contains this provision: "By this policy of insurance the Phœnix Insurance Company, in consideration of $57, to them in hand paid by the assured hereinafter named, the receipt whereof is hereby acknowledged, do insure John D. Perkey, of Clay City, Illinois, against loss or damage by fire, to the amount of $1800, for the period of one year, as follows: $600 on his one story frame shingle roof building occupied by the assured as saddlery and harness store, $1100 on his stock of saddles and harness, and $100 on his harness makers' tools,—all contained therein," etc.

The declaration, after setting out the policy, contains this averment: "The plaintiff avers, that after the time of the making of said policy, and from thence until the happening of the loss and damage hereinafter mentioned, he had an interest in the said property to the amount of the said sum so by the defendant insured therein as aforesaid; and the plaintiff further avers, that on the 19th day of April, 1876, the said property was consumed and totally destroyed by fire."

While this averment is not as specific as it might be in regard to the value of each article of property at the time of the loss, yet we are of opinion it is, in substance, sufficient when considered in connection with the policy, which was set out in the declaration. There was $600 on the building, $1100 on stock, and $100 on tools, as appears from the policy. Now, it is averred that plaintiff had an interest in said property, at the time of the loss, to the amount of said sum insured thereon as aforesaid, and that said property was totally destroyed,— that is, the building in which his interest was $600, and the stock in which his interest was $1100, and the tools in which his interest was $100. Doubtless the meaning of the pleader would have been plainer had he averred the separate value of the building, the stock and the tools at the time the property was destroyed; yet we do not regard the averments contained in the declaration as a substantial departure from those suggested.

It is next contended, that the declaration is insufficient because it does not aver that the loss occurred during the time the policy was in force. The declaration avers that the policy was issued December 6, 1875, for one year, and that the loss occurred on the 19th day of April, 1876. It is true it is not in these precise words averred that the policy was in force when the loss occurred, but facts are set out which show affirmatively that it was in force at that time, which is all that was required.

The next objection to the declaration is, that the notice and proofs of loss as averred in the declaration did not disclose whether there was any other insurance on the property; nor did it appear that the notary who made the certificate of loss was disinterested.

The declaration averred, in express terms, that there was no other insurance on the property, and this obviated the necessity of a statement in the proof of loss of what other insurance had been made on the property, and giving copies of the written portions of such policies.

It is true the declaration does not aver that the notary before whom the proofs of loss were made was disinterested, but we do not regard that as a substantial defect in the declaration. It is averred in the declaration that proofs of loss were made out before a notary nearest the place of the fire, as required by the policy. If the notary was interested in the loss, or related to the assured, that was a matter to be established by the company as a defence to a recovery on the trial.

In regard to the assessment of damages the record discloses no error. It was proven that the property described in the declaration was burned on the 19th day of April, 1876; that it was worth $2900, and all destroyed; that proof of loss was delivered to the agent of the company on the 7th day of June, 1876. This proof, in connection with the policy, which was read in evidence, was sufficient to authorize the judgment.

The judgment will be affirmed.

*Judgment affirmed.*