# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

---

HARRY WOLF, Appellee, *vs.* O. M. POWERS, Appellant.

*Opinion filed June 16, 1909—Rehearing denied October 13, 1909.*

1. PLEADING—*pleading to declaration after a demurrer admits sufficiency of the declaration.* Pleading to the declaration after a demurrer is overruled waives the demurrer and admits the sufficiency of the declaration.

2. SAME—*demurrer is properly sustained to pleas presenting issue of law, only.* In an action on a written contract of guaranty, pleas which attempt to raise the question of law whether the contract required a certain notice named therein to be in writing are demurrable.

3. DEFAULT—*default admits material allegations.* A default in an action on a contract of guaranty admits the truth of allegations that the plaintiff served a .sixty day notice in accordance with the terms of the agreement, and that when he gave the. notice he did so because it was imperative that he should sell the stock which was the subject of the contract.

4. SAME—*after default the evidence should be limited to assessment of damages.* After default in an action on a written contract of guaranty the evidence should be limited to such proof as will enable the court to determine the amount of and assess damages.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

Appellee, plaintiff, below, sued Arthur N. Powers and appellant, O. M. Powers, in the superior court of Cook county, jointly, upon the following contract and written guaranty of said contract:

"Memorandum of agreement by and between Arthur N. Powers and H. Wolf, both of the city of Chicago and State of Illinois:

"Whereas, Arthur N. Powers has this day sold to H. Wolf four hundred (400) shares of the capital stock of the National Fiber and Cellulose Company, of ten ($10) dollars each, for two thousand ($2000) dollars cash, the payment of which to said Powers is evidenced by a receipt signed by him for said amount and delivered to said H. Wolf, which said four hundred (400) shares of stock is to be held by said H. Wolf until taken up and exchanged for twenty-one (21) shares of common stock of one hundred ($100) dollars each, and twenty-one (21) shares of six per cent non-cumulative preferred stock of one hundred ($100) dollars each, in the American Corn Fiber Company, which said American Corn Fiber Company is now being incorporated for the purpose of acquiring all of the property, both real and personal, of whatsoever kind and nature, of the National Fiber and Cellulose Company.

"The purchase of said stock by said H. Wolf and the sale thereof by said A. N. Powers is made upon the following conditions: If at any time between ninety (90) days after date and November 1, 1906, the said H. Wolf shall need the said two thousand ($2000) dollars, and because of said needs it shall be imperative that he sell and dispose of said shares of stock, then and in such event he hereby agrees that before offering said stock to any other person whatsoever he will serve a sixty (60) day notice upon the said A. N. Powers requesting him to take up all of the said stock for exactly the same sum now paid therefor, to-wit, two thousand ($2000) dollars; and in consideration of this sale now made the said A. N. Powers hereby expressly agrees to accept said notice, and will, within the sixty (60) days provided in said written notice, take up all of said shares of stock and re-pay to said H. Wolf the sum of two thousand ($2000) dollars.

"Signed, sealed and delivered in duplicate, this thirty-first day of January, A. D. 1905.

ARTHUR N. POWERS, (Seal.)
HARRY WOLF.          (Seal.)

Witness: E. H. Schiff.

"In the event that the sixty (60) day notice mentioned in the foregoing instrument is served upon my nephew, Arthur N. Powers, and he fails to take up said stock, I hereby agree to take up said stock and pay therefor the sum of two thousand ($2000) dollars.

O. M. POWERS. (Seal.)"

O. M. Powers filed a plea denying joint liability with Arthur N. Powers, and appellee thereupon dismissed the suit as to Arthur N. Powers and by leave of court filed an amended declaration of two counts, to which O. M., Powers was made the only defendant. A demurrer was sustained to the first count, and thereafter an amended first count was filed and three additional counts. To all of these O. M. Powers demurred, and upon the demurrer being overruled he filed seven special pleas. Five of these pleas, one applying to each count of the declaration, alleged that the notice provided for in the contract to be given Arthur N. Powers of the plaintiff's election to return his stock and demand the payment of $2000 was required to be given in writing. The pleas alleged that no notice in writing was given within the time provided by the contract and denied any liability of O. M. Powers on that account. A demurrer was sustained to all five of these pleas. The other two pleas were to the second count of the amended declaration and to the second and third additional counts. When the demurrer was sustained to the five pleas appellant moved that it be carried back to the declaration, but this motion was denied and appellant elected to stand by his pleas and refused to plead further. This left the first amended count of the amended declaration and the first additional count unanswered by any plea, and appellant was defaulted as to those counts. The court thereupon heard the evidence of appellee and assessed his damages under those counts at $1059.58 and rendered judgment therefor. That judgment has been affirmed by the Appellate Court for the First District, and the case is brought here by further appeal for review.

MILLARD R. POWERS, for appellant:

A guarantor's liability depends entirely upon the terms of his agreement. *Newlan* v. *Harrington*, 24 Ill. 206; *Harney* v. *Laurie*, 13 id. 400; *Tolman Co.* v. *Rice*, 164 id. 255; *Croskey* v. *Skinner*, 44 id. 322; *Ryan* v. *Trustees*, 14 id. 20.

The guarantor will only be held to the strict language of the contract. *Hance* v. *Miller,* 21 Ill. 636; Brandt on Suretyship and Guaranty, secs. 93, 94; *Pfaelzer* v. *Kau,* 207 Ill. 123; *Insurance Co.* v. *Johnson,* 120 id. 622.

A substantial deviation from the terms of the contract discharges the guarantor. Brandt on Suretyship and Guar. sec. 344; *Gardner* v. *Watson,* 13 Ill. 347; *Price* v. *Bank,* 124 id. 317; *Trotter* v. *Strong,* 63 id. 272; *Dodgson* v. *Henderson,* 113 id. 360; *McCarthy* v. *Ridgway,* 160 id. 129.

The terms of a sealed instrument cannot be varied by parol. *Barnett* v. *Barnes,* 73 Ill. 217; *Loach* v. *Farnum,* 90 id. 368; *Railroad Co.* v. *Railroad Co.* 137 id. 9; *Chapman* v. *McGrew,* 20 id. 101; *Hume Bros.* v. *Taylor,* 63 id. 43.

Foster, Bradley & Stetson, for appellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

The contract provided that in order to authorize appellee to demand the $2000 he must, between ninety days after the date of the contract and November 1, 1906, serve a sixty day notice on Arthur N. Powers requesting him to take up the stock and pay the sum of $2000, and Arthur N. Powers agreed to accept said notice, and "within the sixty (60) days provided in said written notice" take up the stock and pay appellee $2000. The first amended count of the amended declaration set out that the contract required sixty days' notice to be given but contained no reference to the notice being required to be given in writing. It averred that on October 19, 1905, appellee being in need of the $2000, and because of such need it was imperative that he sell and dispose of said stock, he served upon Arthur N. Powers a sixty day notice, "in accordance with the terms of said agreement, requesting him to take up the stock for exactly the sum paid therefor; that said Arthur N. Powers then and there accepted said notice by promising the plaintiff to take up the stock and re-pay to the plaintiff

the $2000 within sixty days thereafter." The first additional count contained averments similar in substance to the amended first count, and both counts alleged that upon the failure of Arthur N. Powers to pay the sum of $2000 appellee notified appellant that he had given the notice to Arthur N. Powers and requested him to pay said sum, but that he refused so to do. The amended first count of the amended declaration sets out what purports to be the substance and legal effect of the agreement, and the first additional count sets out the agreement *in hæc verba.*

By pleading to the declaration after the demurrer to it was overruled, appellant waived the demurrer and admitted the sufficiency of the declaration. *Green Co.* v. *Blodgett,* 159 Ill. 169; *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 id. 216; *Gardner* v. *Haynie,* 42 id. 291; *Geary* v. *Bangs,* 138 id. 77; *Snyder* v. *Gaither,* 3 Scam. 91; *Camp* v. *Small,* 44 Ill. 37.

Appellant contends that as guarantor he could only be bound by a strict compliance with the terms of the agreement, which required the notice to be given in writing, and he attempted, by pleas to which demurrers were sustained, to raise the question of law whether the notice was required to be given in writing. We do not think there was any error in sustaining demurrers to these pleas, as they presented issues of law, only. Had the general issue been pleaded this question would have been presented to the court for decision when the proof was offered. That plea would have put appellee upon proof of the allegations that the notice served on Arthur N. Powers was in accordance with the requirements of the agreement, and if the court had construed the agreement, when the proof was offered, to require notice in writing and the proof showed the notice given was not in writing, there would have been a failure of proof of material allegations.

Appellee testified that on the 4th day of January Arthur N. Powers paid him $1025 and promised to pay the

balance before the February following. Failing to make the payments, appellee demanded the balance due of appellant, and he also promised to pay it, but failing to do so this suit was commenced. There was some other testimony admitted, over the objections of appellant, not necessary to the assessment of damages, but the appellant was not prejudiced thereby, as no' complaint is made of the amount of damages assessed, if there was any right to recover. The counts as to which appellant was defaulted allege that appellee had served a sixty days' notice on Arthur N. Powers, in accordance with the terms of the agreement. The default admitted this allegation to be true, and only such evidence was competent as would enable the court to determine the amount of, and assess, the damages. *Phœnix Ins. Co.* v. *Perkey,* 92 Ill. 164; *Binz* v. *Tyler,* 79 id. 248; *Cook* v. *Skelton,* 20 id. 107; *First Nat. Bank* v. *Miller,* 235 id. 135; *Cairo and St. Louis Railroad Co.* v. *Holbrook,* 72 id. 419.

It is also contended by appellant that there was no proof that appellee was ready and willing to surrender his stock and that he needed the money so badly that it was imperative for him to sell. The first amended count of the amended declaration avers that appellee is, and always has been since giving the notice and making the demand, ready, able and willing, upon the payment to him of the $2000, to deliver up to Arthur N. Powers or the appellant the said shares of stock, and the first additional count avers that he is, and always has been, ready and willing to deliver up said stock upon the payment being made. One of the said counts alleges that when appellee gave the notice he did so because he needed the $2000 and because it was imperative that he sell the said stock. These allegations were admitted by the default and proof of them was not required.

We are of opinion the trial court did not err in rendering judgment in favor of appellee, and the judgment of the Appellate Court affirming that judgment is affirmed.

*Judgment affirmed.*