## Continental Insurance Company v. Bradley.

(Decided December 5, 1916.)

### Appeal from Hopkins Circuit Court

1. Insurance—Fire Insurance—Assignment of Policy—Forfeiture— Pleading.—Where the property of the husband is insured and he thereafter conveys the property and transfers the policy of insurance to his wife, a petition by the wife in an action to recover on the policy, which alleges in substance that she told the agent of the transfer of the property and insurance, and he thereupon demanded payment of the balance of the premium due and assured plaintiff that her policy was all right and the balance of the premium was subsequently paid by her, is good on demurrer, since, under such circumstances, the company will not thereafter be permitted to say that the policy was not in force because it did not consent to the assignment.

2. Insurance—Fire Insurance—Pleading—Allegation of Loss—De, murrer.—Where the petition in an action to recover on a policy, insuring plaintiff's residence in the sum of $800.00 and its contents in the sum of $400.00, states "that on the 13th day of April, 1915, a fire occurred totally destroying said building and contents, which was a complete loss to this plaintiff and greatly in excess of the amount plaintiff was insured for in said policy," the allegation of loss is not so uncertain and indefinite as to be bad on demurrer. If the defendant desires the allegation to be more specific, he should make a motion for that purpose.

3. Insurance—Fire Insurance—Fraudulent Concealment—Defense.— The failure of plaintiff to inform the insurance company that the relations between her and her husband, who had conveyed the property insured and transferred the insurance to her, were hostile and unfriendly, and that divorce and alimony proceedings were pending, is not a fraudulent concealment of a fact material to the risk under a policy providing that "this entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject whether before or after a loss," and it is not error to strike such defense from the answer.

4. Insurance—Fire Insurance—Forfeiture—Estoppel — Sufficiency of Evidence.—Where, in an action on a policy of insurance, plain-

tiff pleaded that the property and insurance had been transferred to her by her husband, and that the company's agent, with knowledge of this fact, demanded the payment of the balance of the premium due and assured her that the policy was all right, evidence examined and held sufficient to sustain a verdict in favor of plaintiff.

5. Insurance—Fire Insurance—Pleading—Proof of Loss.—Where, in an action on an insurance policy, the allegations of loss contained in the petition are not denied, proof of loss is unnecessary.

LAFFOON & WADDILL for appellant.

A. LEO KING, MARVIN D. EBLEN and J. W. POWELL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On June 1st, 1913, the Continental Insurance Company issued to Mark Bradley a policy insuring his residence in the sum of $800.00 and his household goods in the sum of $400.00, for a period of three years. On October 2nd, 1913, Mark Bradley conveyed the residence and transferred the household goods to his wife, Cattie Bradley. On April 13th, 1915, the house and its contents were totally destroyed by fire. Plaintiff, Cattie Bradley, brought this suit to recover on the policy. A trial before a jury resulted in a verdict and judgment for plaintiff for the full amount thereof. The insurance company appeals.

1. The petition is assailed on the ground that it fails to allege that the company consented to the assignment of the policy. The petition does allege that R. T. Whittinghill was the agent of the company in the county of Hopkins; that he was notified of said transfer by the plaintiff and assured plaintiff that her insurance was all right. The petition further alleges that when the transfer was made there was a balance due on the premium; that Whittinghill went to plaintiff's house and demanded the payment of the balance, amounting to $5.00. He threatened to cancel the insurance unless it was paid. Thereupon plaintiff informed him that her husband had transferred the property and insurance to her. She asked Whittinghill if the insurance would be all right if she paid the balance of the premium. Whittinghill told her that it would be all right if she would pay the balance due, and gave plaintiff a few more days to get

the money. Thereafter she paid him the balance. The facts alleged bring this case within the rule laid down in the case of Continental Insurance Company v. Thomasson, 27 R. 158, 84 S. W. 546. There the policy provided that it should be null and void if there was a change in the title to the property. There was a change and the agent of the company thereafter collected the premium with knowledge of the change and gave the assurance that the insurance was all right. The court held that if the policy had become null and void by the change in the title to the property, the company had no right to collect the premium note from the assured; that knowledge of the agent was the knowledge of the company, and if, with this knowledge, it collected the premium note and assured him that his insurance was all right, it could not thereafter be heard to say that the policy was not in force. It follows that the demurrer to the petition should not have been sustained for the reason indicated.

2. It is further insisted that the petition is demurrable because it fails to allege the value of the property destroyed or the loss sustained by the assured. On this point the allegations of the petition are as follows: "Plaintiff now states that on the 13th day of April, 1915, a fire occurred totally destroying said building and contents, which was a complete loss to this plaintiff and greatly in excess of the amount plaintiff was insured for in said policy." We conclude that this allegation of loss is not so uncertain and indefinite as to be bad on demurrer. If the defendant desired that the loss be more particularly set out, it should have made a motion to make the allegation more specific.

3. Another ground urged for reversal is that the court erred in striking from the answer matter that constituted proper defense. The policy contains the following provision:

"This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject whether before or after a loss."

The matter stricken from the answer is as follows:

"Defendant further says that on October 2, 1913, and continuously since, said Mark Bradley and Cattie Bradley have been living separate and apart with feelings toward each other so hostile and unfriendly as to materially affect the risk and with divorce and alimony proceedings pending, all of which they fraudulently concealed from defendant and it had no information thereof until after the loss, and if defendant had known thereof it would not have carried the insurance but would have cancelled same."

The mere fact that plaintiff failed to communicate to the company that the relations between her and her husband were hostile and unfriendly, or that divorce and alimony proceedings were pending, cannot be regarded as a fraudulent concealment of facts material to the risk. The only way that the divorce and alimony proceedings could have affected the risk was to have effected a change in the title to the property. If plaintiff's petition and proof be true, defendant was apprised of the change in title and thereafter collected the balance of the premium due and assured plaintiff that her insurance was all right. Under the circumstances, the matter relied on presented no defense and was properly stricken from the answer.

4. Lastly, it is insisted that the evidence does not support the verdict. In this connection it is contended that the company's consent to the assignment of the insurance was not shown and that there was no proof of loss. In response to the first contention, it is sufficient to say that plaintiff's evidence is to the effect that Whittinghill, the company's agent, called at her home to get the balance of the premium. Plaintiff told him that she was interested in the insurance because her husband had made the property and insurance over to her. The agent then told her to go ahead and send the rest of the premium and that the policy would be all right.

Relying on this statement, she subsequently sent him $5.00, the amount demanded, and got from him a receipt for the money. Other witnesses present corroborate plaintiff's statements. The agent admits that he had a conversation with plaintiff respecting the balance of the premium, and that the amount due was subsequently paid. He denies, however, that plaintiff told him that the property and insurance had been trans-

ferred to her, although she may have told him that she was interested in the property. From the foregoing it will be seen that plaintiff's evidence tends to establish the allegations of the petition, and the petition being sufficient, it follows that the evidence was sufficient· to take the case to the jury and to sustain the verdict.

With respect to the second contention that there was no proof of loss, it is sufficient to say that the allegations of the petition respecting the loss were not denied and, therefore, no proof of loss was necessary.

The only real issue in this case is whether plaintiff informed defendant's agent of the transfer of the property and insurance to her, and the agent, with such knowledge, thereafter collected from plaintiff the unpaid portion of the premium and assured plaintiff that the policy was all right. This issue having been submitted to the jury by an instruction that is not subject to complaint, and the evidence being sufficient to sustain a finding in favor of plaintiff, we see no reason to disturb the judgment.

Judgment affirmed.