Argued February 8, affirmed March 19, 1929.

BONESTEEL MOTOR COMPANY *v.* NATIONAL UNION FIRE INSURANCE COMPANY OF PENNSYLVANIA.

(275 Pac. 608.)

For appellant there was a brief and oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief over the name of *Messrs. Veazie & Veazie* with an oral argument by *Mr. J. C. Veazie.*

McBRIDE, J.—This is an appeal from a judgment of nonsuit, the cause of action being upon an insurance policy issued by the defendant to the Oregon Auto Transportation Company in which plaintiff is named as the beneficiary "as interest may appear."

At the time the insurance was written, the truck had been sold by the plaintiff to the Oregon Auto Transportation Company under an executory contract, plaintiff reserving the title to said truck pending the payment of the purchase price. The contract of sale provided that a fire insurance policy should be issued for the protection of plaintiff. The policy is for the sum of $1,700.

At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit, which was granted, from which judgment, plaintiff appeals.

The policy was issued on the thirtieth day of January, 1926, and by its terms was in effect until the thirtieth day of January, 1927. It is alleged that on the twenty-eighth day of June, 1926, the truck, covered by the insurance policy, was completely destroyed by fire, causing a total loss on account thereof. It is alleged that defendant waived the proof of loss required by the policy and that matter is not in issue.

There is no allegation of the value of the property insured at the time of the loss and no testimony was

introduced concerning its value on the happening of that event, and the absence of such testimony is specified as one of the grounds for the motion of nonsuit. There are other matters involved in the controversy, but we do not deem it necessary to a decision of this case to consider them, as we are of the opinion that the failure to allege and prove the value of the property at the time it was destroyed is fatal to plaintiff's recovery in this case.

It is contended by the plaintiff that, inasmuch as the complaint was not attacked by the demurrer, or otherwise, the facts as shown would have been sufficient to have justified the verdict, and that they are also sufficient upon a motion for nonsuit. Cases are cited wherein it has been held that lack of allegation of the value of the property, if not challenged by a demurrer, will be good after verdict and that every reasonable intendment will be invoked to support a complaint after verdict: *Weishaar* v. *Pendleton,* 73 Or. 190 (144 Pac. 401); *Duby* v. *Hicks,* 105 Or. 27 (209 Pac. 156); *United States National Bank* v. *Holton,* 99 Or. 419 (195 Pac. 823); *Nicolai* v. *Krimbel,* 29 Or. 76 (43 Pac. 865). In our opinion counsel has misconceived the extent to which this doctrine may be carried.

In *Nicolai* v. *Krimbel, supra,* the plaintiff charged that:

"Defendant is indebted to plaintiff in the sum of ninety-two dollars and twenty-five cents, on account of certain goods, wares and merchandise sold and delivered by plaintiff to defendant at the special instance and request of defendant, amounting to the said sum of ninety-two dollars and twenty-five cents."

The defendant answered without any demurrer to the pleading and in effect plead payment for the articles. There was a verdict for defendant and the plaintiff appealed. In that case the court held, in consideration of the facts pleaded, that the complaint was good after verdict, among other things, saying:

"Where a cause of action in favor of plaintiff against the defendant may be fairly gathered from the averments of the complaint, the complaint should be held sufficient after judgment."

There are several distinctions between the facts in that case and the case at bar. There, the value of the goods in any event was a fixed quantity and did not depend upon any future contingency. Their value was fixed at the time of the sale and in such a case the presumption would arise in the absence of any allegation that their value was identical with the cost price. Evidence of the cost price of the goods at the time of sale would conclude that branch of the subject irrespective of what became of the goods, or whether or not they deteriorated in value. It was a mere defective statement of a cause of action and the fact that before trial defendant was furnished with a statement showing the cost value of each article was deemed sufficient. Here, we have a case, where six months before the loss, a class of property sometimes subject to very great deterioration and always subject to some deterioration in that space of time, was insured for a certain sum but with the proviso that the insurer would only be required to pay the insured the market value of the property at the time of the loss. We think the authorities are pretty well agreed that in cases of this character the insurance value of the article furnishes no criterion

by which to estimate its cash market value at the time of its loss.

An automobile may be of very great value one day and a mere worthless heap of junk a few days thereafter. Such cases are common and the writer has personally seen many such instances. In order to recover, the insured must show by some evidence at least, what the market value was at the time of the loss and not the insured value six months before the loss.

This case is different from cases where insurance has been secured upon a house, or some building not subject to rapid deterioration where the value at the time of the insurance may furnish some criterion by which to judge its value at a later date.

Another case cited by plaintiff is *Maxey* v. *New Hampshire Fire Ins. Co.*, 54 Minn. 272 (55 N. W. 1130, 40 Am. St. Rep. 325). In that case the loss or damage, if any, under the policy, was made payable to one Mitchell, trustee for Emma C. Gregg, as her interest might appear. It was alleged that Mitchell, as trustee for Mrs. Gregg, held a mortgage on the premises for an amount greatly in excess of the sum payable under the policy; that no part of the mortgage debt had been paid and that the building was totally destroyed by fire, and that by reason of said destruction Mitchell was damaged in the sum of $9,000. Defendant's counsel called attention to the fact that it was not directly averred in the pleading that the insured building was of any value, or that, through its destruction, the owner had suffered any loss or sustained any damage. The court said:

"We are of the opinion that as against a general demurrer, where it is alleged that the property in-

sured has been totally destroyed, and that a mortgagee, to whom the loss has been payable, under the policy has sustained loss and damage in a specified sum, the complaint sufficiently alleges loss and damage to the insured owner.''

Now note the difference in the allegation in the complaint in that action and the case at bar. There the complaint alleged the total destruction of the property; that its value was in excess of the amount of the mortgage and that the mortgagee had sustained loss and damage in a specified sum. Here, it is not alleged that the value of the property was in excess of the amount insured, or of any value, or that the plaintiff has been damaged in any sum whatever. In fact, it contains no allegation that plaintiff has suffered any loss by reason of the destruction of the automobile, nor does it contain any allegation that the property was of any value at the time of the loss. The court was simply required to infer that the value of the property was $1,700 at the date of the fire by reason of the fact that it had been insured for $1,700 six months previously.

Another case is *Phoenix Ins. Co.* v. *Perkey,* 92 Ill. 164. In this case the policy was set out in full and it was stated that plaintiff was insured against loss or damage by fire to the amount of $1,800 as follows:

''Six hundred dollars on his one story frame shingle roof building occupied by the assured as a saddlery and harness store, $1100 on his stock of saddles and harness, and $100 on his harness maker's tools, all contained therein.''

The declaration then contained this averment:

''The plaintiff avers that after the time of the making of the policy, and from thence until the happening of the loss and damage hereinafter mentioned,

he had an interest in the said property to the *amount of the said sum* so by the defendant insured thereon as aforesaid."

In this case no plea was entered by the defendant company, but they suffered a default. It was contended on appeal by the defendant, that the declaration was fatally defective for the reason that it failed to aver the separate value of each class of property which was destroyed. The court criticised the complaint but held it sufficient to support a judgment upon default. It will be noticed that the question was not raised as to the lack of allegation of the value of the property at the time of the fire, but merely that the values had not been stated separately. The complaint showed sufficiently that the plaintiff had an interest in the property to the amounts stated at the time the property was destroyed.

In the case of *Continental Ins. Co.* v. *Bradley,* 172 Ky. 549 (189 S. W. 706), the allegation of the complaint is as follows:

"Plaintiff now states that on the 13th day of April, 1915, a fire occurred totally destroying said building and contents, which was a complete loss to this plaintiff and greatly in excess of the amount plaintiff was insured for in said policy."

The court held upon general demurrer that the allegation as to value and amount of loss was sufficient by reason of the fact that plaintiff alleged that there was a complete loss, and that it was greater than the amount insured for so that if the defendant wished further particulars, it should have moved to make the allegation more specific. In effect, the allegation amounted to a statement that the value of the property was greater than the amount insured, and

while it would seem pretty close to the line, the court was properly justified in its holding.

In the case of *Hegard* v. *California Ins. Co.*, 2 Cal. Unrep. 663 (11 Pac. 594), the opinion does not give the language of the complaint as to the value, but we find incidentally this statement:

"In the complaint the amounts of the losses upon the various kinds of property insured were stated separately, and demand for judgment for the aggregate sum of such losses was made, and that was sufficient for the purpose of informing the defendant how much, and on what account, the plaintiff claimed to recover against it."

One of the principal contentions in that case seems to have been that the court refused to allow evidence of deterioration in the value of the building which had occurred prior to the time of its being insured. It is evident that testimony was taken on the question of value, the appeal having been apparently taken upon the findings of the court, and the case, as we find it, would seem to have little relevancy with the contention in this case.

In the case of *Jones* v. *St. Joseph Fire & Marine Ins. Co.*, 55 Mo. 342, 345, it was said:

"The objections to the petition are, that it nowhere alleges the value of the property insured, or that it was of any value, or that its destruction was any damage to plaintiff. The petition alleges that defendant undertook to insure the plaintiff against any loss by fire to the amount of $1200, on certain property described, and that by said policy the defendant promised to make good unto plaintiff all such loss and damage sustained by plaintiff as should happen by fire to the property insured, to be paid within sixty days after proof of loss and due notice. It is further stated that on the 20th of October 1871, the

said property so insured by defendant and at said date owned by plaintiff was totally destroyed by fire. * * These averments of value and loss would seem to be sufficient after verdict. That the property insured was totally destroyed by fire would seem to be a distinct averment of loss to the amount of the value of the property. That an insurance was given on this property to the amount of $1200, would strongly imply that, at least in the estimation of the underwriters, it was at least worth as much as that or more. We think the petition good after verdict.''

In some respects, this would seem to be the strongest case for plaintiff that has been cited, but it should be remembered that Missouri has a valued policy law, and, in the absence of testimony, it might be well contended that the value stated in the policy was of itself sufficient evidence of the value at the time of the fire, especially in the case of the destruction of the house, which, as before remarked, is not usually subject to rapid deterioration as is the case with an automobile.

A later Missouri case seems to hold differently as to the modicum of pleading and proof required even in cases of valued policies. Thus, in the case of *Strawbridge* v. *Standard Fire Ins. Co.*, 193 Mo. App. 687 (187 S. W. 79), among other things, the court said:

''Where the property insured is personalty of a changing character which is subject to diminution or depreciation, and the policy provides, as in this case, that the insurer shall not be liable beyond the actual cash value of the property at the time of the loss, the extent of the insured's demand and of the insurer's liability is in the case of a total loss, the value of the property at the time of its destruction by fire; and this question of the value of the property at the time of the fire is open to dispute and litigation. * * And,

in cases where the insurance is on personal property of a changing character or which is liable to deprecia-tion from use or injury, the burden is on the plaintiff to show the value of the property at the time of the fire. But in this case we think the plaintiff did furnish evidentiary facts from which the jury could find that the machine was worth at least all that the plaintiff was demanding. It is true plaintiff offered no evidence expressly stating in dollars and cents, the value of the automobile at the date of the fire. He did say, however, that 'the machine was *in fine condition* so far as I know at the time of the fire; the only repairs ever made on the machine was to tighten up the engine, which I did myself, and tires.' * * With the value of the machine on July 24, 1912, conclusively fixed at $2000, the only diminution on the value thereof, which could be considered in determining the loss for which payment can be demanded as insurance is the inherent depreciation in the machine itself through use, injury, or damage, accruing to it *subsequent* to the date of the policy. * * The evidence was that the machine was not used but was put away during the months between December 1, 1912 and April 1, 1913, though used the rest of the time elapsing since the policy was issued. If, now the machine was worth $2,000 July 24, 1912, and was not used during the winter months, and was in fine condition on July 10, 1912, the date of the fire, this was a sufficient showing of facts from which the jury could infer that the machine on the day it burned, was worth all that the plaintiff was demanding because they could say a machine run only in the summer months, and put away and housed during the winter months, and in *fine condition* needing no repairs except tires which it got, would not depreciate from use or damage, inherent in the machine to the extent of $500 or more than that, which it would be necessary to find in order for the loss to fall below what plaintiff was demanding.''

It will be noticed that in the case at bar the policy was not a valued policy, and a valued policy might in

itself furnish *some* evidence of the value of the property although *Strawbridge* v. *Standard Fire Ins. Co., supra,* would seem to hold differently and materially modify the holding in *Jones* v. *St. Joseph Fire & Marine Ins. Co., supra.*

A careful examination of all the authorities cited by plaintiff does not satisfy us that it is competent for a suitor to recover in an action upon a policy, which agrees to pay only the cash market value at the time of the loss, by simply showing the value of the machine six months before the loss occurred.

Berry, Automobiles (4 ed.), section 1914, states the rule as follows:

"Where suit is brought to recover on an insurance policy covering an automobile, the burden is on the plaintiff to show the value of the car at the time of the loss, and proof of value at the time the policy was issued, without other testimony showing how the car had been used and the condition at the time it was stolen as compared with condition at the time it was insured, or other facts from which the value of the car at the time of the loss can be ascertained, is insufficient."

In *German Fire Insurance Co.* v. *Charles Von Gunten,* 13 Ill. App. (13 Bradw.) 593, it is said, "it was incumbent upon the plaintiff to aver and prove the extent of his loss."

In *Germier* v. *Springfield Fire & Marine Ins. Co.,* 109 La. 341, 345 (33 South. 361, 363) it is said:

"We are of opinion that the testimony of the plaintiff, giving only the original cost price of movables, a large proportion of which had been in use for several years, falls somewhat short of establishing their value for the purposes of this case."

In *Home Ins. Co.* v. *Stone River Nat. Bank,* 88 Tenn. 369, 379 (12 S. W. 915, 918), the court remarks as follows:

"It is said by counsel for the insured that the proof that the bank sought $3,000 of insurance and that the agent fixed it at $2,000, coupled with the fact that the loss was shown to be a total one furnished evidence of value of property destroyed sufficient to sustain the judgment. We do not think so. It may show the estimate placed by the assured and the insurer upon the property at the time of the insurance, but does not show the actual cash value *at time of loss,* some months thereafter."

In *Ramsey* v. *Philadelphia Underwriter's Assn.,* 71 Mo. App. 380, 382, the court says:

"At the commencement of the trial the defendants objected to the introduction of any evidence, for the reason that the petition failed to state a cause of action. The specific objection to the petition is that it fails to allege the value of the goods at the time of their destruction. This objection should have been sustained. It has been decided by us that such an averment is essential in a suit on a policy of fire insurance. *Story* v. *Insurance Company,* 61 Mo. App. 534."

In *Sappington* v. *St. Joseph Mut. Fire Ins. Co.,* 72 Mo. App. 74, 75, we read as follows:

"Objection is made to the sufficiency of the petition. We must hold the objection good. The petition nowhere alleges the value of the property destroyed. It does allege that plaintiff 'had an interest' in the property insured to an amount exceeding the amount of the insurance. This can not be accepted as an allegation of the value of the property. The value should have been plainly alleged."

In *City of De Soto* v. *American etc. Ins. Co.,* 102 Mo. App. 1, 5 (74 S. W. 1, 2), discussing the proof of value of personal property described, it is said:

"The only testimony directed to this issue was the statement of the mayor who, without specifying or detailing the nature of the property, testified that it had cost between two or three hundred dollars when new; that it had been in the building destroyed about six months in use by smallpox patients, and he did not know what it was worth at the time it was consumed. The burden was on the plaintiff to establish the value of such property," and such proof was held insufficient and the judgment was reversed.

Other cases are cited by both counsel, bearing, perhaps to some extent, upon the question now being considered, but we have failed to find any case that holds that a plaintiff can recover in the absence of any allegation as to the value of the property at the time of the loss, and in the absence of any evidence whatever as to its value at any time, excepting the fact that it was insured for a particular sum.

Another question is raised as to the right of plaintiff to recover after having made an assignment of the contract of sale and the note accompanying it to another party, but believing that the failure to allege and prove value is conclusive in this case, we will not enter into the discussion of that phase of it at this time.

The judgment of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., and RAND and ROSSMAN, JJ., concur.